IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DISTRICT OF OREGON
AUSTIN DIVISION

| | |
|---|---|
| BOOK PEOPLE, INC., VBK, INC. d/b/a BLUE WILLOW BOOKSHOP, AMERICAN BOOKSELLERS ASSOCIATION, ASSOCIATION OF AMERICAN PUBLISHERS, AUTHORS GUILD, INC., COMIC BOOK LEGAL DEFENSE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>MARTHA WONG in her official capacity as chair of the Texas State Library and Archives Commission, KEVEN ELLIS in his official capacity as chair of the Texas Board of Education, MIKE MORATH in his official capacity as Commissioner of Education,<br><br>Defendants. | Case No. 1:23-cv-00858-ADA<br><br>MOTION FOR LEAVE TO FILE BRIEF AND BRIEF OF *AMICI CURIAE* IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

**ASSOCIATION OF UNIVERSITY PRESSES, BARNES & NOBLE, INC., FREEDOM TO READ FOUNDATION, FREEDOM TO LEARN ADVOCATES, AND THE AMERICAN ASSOCIATION OF SCHOOL LIBRARIANS UNOPPOSED MOTION FOR LEAVE TO FILE AMICI BRIEF**

Amici Association of University Presses, Barnes & Noble, Inc., Freedom to Read Foundation, Freedom to Learn Advocates, and the American Association of School Librarians respectfully request leave to file the attached Amici Brief opposing Defendants' Motion to Dismiss, ECF No. 19, and supporting the Motion for Preliminary Injunction, ECF No. 6, filed by Plaintiffs in the above-captioned civil action (the "Motion").

**INTRODUCTION**

The Association of University Presses ("AUPresses") is an organization of more than 160 international nonprofit scholarly publishers. Since 1937, the Association of University Presses advances the essential role of a global community of publishers whose mission is to ensure academic excellence and cultivate knowledge. The Association holds intellectual freedom,

Page 1 - MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF

integrity, stewardship, and diversity and inclusion as core values. AUPresses members are active across many scholarly disciplines, including the humanities, arts, and sciences, publish significant regional and literary work, and are innovators in the world of digital publishing.

Barnes & Noble, Inc. ("Barnes & Noble") is the number one retailer of books in the United States, serving over 600 communities in all 50 states. Barnes & Noble's beginnings can be traced to 1873, and over the last 150 years, Barnes & Noble helped revolutionize bookselling by combining a vast and deep selection of book titles with an experienced bookselling staff and warm atmosphere. At a local level, Barnes & Noble supports pre-K-12 schools and not-for-profit arts, literacy, humane, and community service organizations.

The Freedom to Read Foundation ("FTRF") is an organization established by the American Library Association to promote and defend First Amendment rights, foster libraries as institutions that fulfill the promise of the First Amendment, support the right of libraries to include in their collections and make available to the public any work they may legally acquire, and establish legal precedent for the freedom to read of all citizens.

Freedom to Learn Advocates (FTLA) was founded to promote universal access to books and educational resources for all communities regardless of race, economic status, religion, sexual orientation, gender identity, or political affiliation. Its mission is to resist initiatives that aim to limit access to books and information, often in the form of book banning policies. FTLA works to support organizations and public policy that share its ideals, strive for equitable education, and believe that individuals and families should be trusted to decide for themselves what to read and learn.

The American Association of School Librarians (AASL) is the preeminent national professional association for school librarians. All aspects of the association's work reflect its core values: learning; innovation; equity, diversity, inclusion; intellectual freedom; and collaboration. The AASL *National School Library Standards* (2018) provide that the role of the school librarian is to work with students to ensure they are able to independently evaluate resources and make responsible and ethical decisions regarding the use of these resources to

develop critical thinking and learning skills. As a division of the American Library Association (ALA), AASL works collaboratively across the greater ALA organization and library ecosystem to increase understanding of the integral role of school librarians and school libraries for all learners.  AASL is a partner with school administrators and national educational organizations in advocating for and shaping educational opportunities and policy.

Amici represent a broad range of interests—from commercial booksellers to scholarly publishers to free speech advocates —who have come together to offer their perspectives on the important constitutional matters under review through this amici brief.

Pursuant to Local Rule CV-7(G), the undersigned counsel advises the Court that they have conferred with counsel for both the Plaintiffs and Defendants.  Plaintiffs' counsel has consented to the filing of this Amici Brief, and Defendants' counsel has indicated that Defendants are not opposed to Amici filing their Amici Brief.

No fee was paid by Plaintiffs to any Amici for the preparation of this motion or the proposed Amici Brief.  Plaintiffs did not author any portion of the Amici Brief.

## ARGUMENT

**I.        This Court Has the Authority to Appoint Amici**

District Courts have the inherent authority to accept amicus briefs.  *See White Lodgings Servs. Corp. v. Snipes*, No. A- 1 3-CA-825-SS, 2014 WL 1513964, at *9 (W.D. Tex. Apr. 16, 2014); *Cent. Tex. Chapter, Nat'l Elec. Contractors Ass'n, Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 520*, No. A-i 1-CA-339-SS, 2011 WL 13234892, at *2 (W.D. Tex. Nov. 15, 2011) (hereinafter "Cent. Tex.").  Further, the Fifth Circuit recognizes that, "[w]here he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984).  Amici here do not present any new questions but rather seek to further brief the legal issues already before the Court.

**II.     This Brief Comes Before Any Hearing on the Instant Motion**

Amici submit this request for leave to file an amici briefing on the instant Motion prior to any hearing or decision on the issues, and the request is therefore timely. *Canamar v. McMillin Tex. Mgmt. Servs., LLC*, No. SA-08-CV-0516 FB, 2009 U.S. Dist. LEXIS 108986, at *2 (W.D. Tex. Nov. 20, 2009) ("factors to consider when determining an amicus request include whether the information offered in the amicus brief is timely or useful").

**III.    The Motion Relates to an Issue of Tremendous Personal and Constitutional Importance**

Leave to file amicus briefs is appropriate where "issues in the case have potential consequences beyond the particular parties to the suit," and where "the amici offer useful, broader perspectives on these issues." *Cent. Tex.*, 2011 WL 13234892, at *2. The statute at the heart of the Motion has grave implications – for all publishers, booksellers, and school librarians, and for all concerned with First Amendment rights and student access to information and literature. It is a test case – one of the first, if not the first, to impose a requirement on book publishers and sellers to rate and label books, contrary to the long-held principles of the publishing and library communities.

**IV.    This Brief Does Not Repeat Movant's Points and Enriches The Court's Understanding of the Issues and the Law**

The interests of the prospective Amici as a group are broader than the parties, and the Amici aim to offer "useful, broader perspectives on the[ ] issues." *Cent. Tex.*, 2011 WL 13234892, at *2. These perspectives include the important role school libraries play in the lives of children, how literary sexual content can assist children in the identification of sexual violence and abuse, and the long history of regulations of sexual content in this country, culminating in the adoption of legal standards for "harmful to minors" statutes in the *Ginsberg* case and its progeny that are strikingly absent here. *Ginsberg v. New York*, 390 U.S. 629, 633 (1968). As a result, the Texas law, which is a content-based regulation of speech, cannot pass strict scrutiny.

The Amici have purposefully endeavored to avoid reiteration of the parties' arguments, and concisely underscore the impact of the challenged regulations on freedom of speech.

For the foregoing reasons, Amici respectfully request that the Court grant the requested leave, direct the clerk to file the proposed Amici Brief filed herewith as **Exhibit 1**, and consider its contents in deciding the Plaintiff's Motion for Preliminary Injunction.

DATED this 17th day of August, 2023.

        Respectfully submitted,

By:    /s/ *Everett W. Jack, Jr.*
      Everett W. Jack, Jr.
      Bar No. 24030263
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR  97201-5610
Phone: (503) 778-5218
Fax: (503) 778-5299
Email:  everettjack@dwt.com

Linda J. Steinman (*pro hac vice* motion pending)
Celyra I. Myers (*pro hac vice* motion pending)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone: (212) 489-8230
Fax: (212) 489-8340
Email:  lindasteinman@dwt.com
      celyramyers@dwt.com

*Counsel for Amici Association Of University Presses, Barnes & Noble, Inc., Freedom To Read Foundation, Freedom To Learn Advocates, and American Association Of School Librarians*

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Laura Lee Prather**
**Catherine L. Robb**
**Michael J. Lambert**
**Reid Pillifant**
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470
email:  laura.prather@haynesboone.com
         catherine.robb@haynesboone.com
         michael.lambert@haynesboone.com
         reid.pillifant@haynesboone.com

*Attorneys For Plaintiffs*

**Chrissi Cella**
Senior Attorney
General Litigation Division
P.O. Box 12548, Austin, TX 78711-2548
Telephone: (512) 475-2952
Fax: (512) 320-0667
email:  christina.cella@oag.texas.gov

*Attorney for Defendants*

                                                Respectfully submitted,

                                                /s/ *Everett W. Jack, Jr.*
                                                Everett W. Jack, Jr.
                                                Linda. J. Steinman
                                                Celyra I. Myers