UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Book People, Inc., VBK, Inc., American Booksellers Association, Association of American Publishers, Authors Guild, Inc., Comic Book Legal Defense Fund**<br>        *Plaintiffs*,<br><br>v.<br><br>**Martha Wong, Keven Ellis, Mike Morath,**<br>        *Defendants.* | **Civil No.**<br>**AU: 23-CV-00858-ADA** |

**Defendants' Motion for Stay of Proceedings Pending Appeal**

Defendants Martha Wong, in her official capacity as Chair of the Texas State Library and Archives Commission, Keven Ellis, in his official capacity as Chair of the Texas State Board of Education, and Mike Morath, in his official capacity as Commissioner of the Texas Education Agency (collectively, "Defendants") file this Motion to Stay Proceedings Pending Appeal pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A).

## INTRODUCTION

In bifurcated proceedings on August 18th and August 23rd, 2023, this Court considered Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Plaintiffs' Motion for Preliminary Injunction. ECF No. 19; ECF No. 6.

At a scheduling conference on August 31, 2023, the Court subsequently made oral bench rulings denying Defendants' Motion to Dismiss and granting Plaintiffs' Motion for Preliminary Injunction. The Court further expressed its intent to enjoin HB 900 (hereinafter, "READER") in its entirety. Defendants subsequently indicated their intent to appeal the granting of a preliminary injunction, and orally requested the injunction be stayed pending appeal, which the Court denied. The Court indicated that its oral bench rulings would be accompanied by a forthcoming written order.

In an abundance of caution and because no written order has yet issued, Defendants file this Motion to Stay to ensure compliance with Federal Rule of Appellate Procedure 8(a)(1)(A) (requiring that "[a] party must ordinarily move first in the district court" for "a stay of the judgment or order of a district court pending appeal"). Given the impact that this order will have on Texas public schools, Texas public school children, and multiple state entities, Defendants respectfully request a stay of the injunction until the matter is resolved by the Fifth Circuit. At a minimum, any order enjoining READER in its *entirety* should specifically be stayed pending appeal, because any injunction that enjoins READER's provisions covering the promulgation of new library-collection standards for Texas school districts improperly extends far beyond the relief required to redress alleged injuries of the library-material vendor Plaintiffs in this case.

## LEGAL STANDARD

"A party must ordinarily move first in the district court for…a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). A stay pending appeal maintains the status quo to allow appellate courts to bring "considered judgment" to a case. *Texas All. For Retired Americans v. Hughs*, 976 F.3d 564, 566 (5th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 427, 429 (2009)). When considering a stay pending appeal, the Fifth Circuit considers the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quoting *Nken*, 556 U.S. at 426,); *see also Hughs*, 976 F.3d 564 at 566. The first two factors, namely whether the appellant is likely to succeed on the merits and whether the appellant to suffer irreparable harm, are often the "most critical." *See Hughs*, 976 F.3d 564 at 566 (quoting *Nken,* 556 U.S. at 434). But where the "balance of the equities weighs *heavily* in favor of granting the stay," only a "serious legal question" is required. *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 397 (5th Cir. 2020). Each of the foregoing factors weighs heavily in favor of Defendants, and thus the Court should grant a stay pending the decision of the Circuit Court.

## ARGUMENT

**A. Defendants are likely to succeed on appeal because this Court lacks subject-matter jurisdiction and the challenged provisions are constitutional.**

1. Defendants are likely to show this Court lacked subject-matter jurisdiction over Plaintiffs' claims, as explained in Defendants' Motion to Dismiss. ECF No. 19 at 6–15. Plaintiffs have not made the "clear showing" of standing necessary to obtain a preliminary injunction. *Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017). But perhaps even more importantly, Defendants are entitled to sovereign immunity. Plaintiffs have not shown the requisite "connection" to any non-discretionary "enforcement" of READER by the Defendant state-agency heads in this case. *City of Austin v. Paxton*, 943 F.3d 993, 999-1000 (5th Cir. 2019). The Fifth Circuit has repeatedly and recently upheld state officials' sovereign immunity against challenges that do little more than blame the official for seeing that the State's laws are followed—even in the First Amendment context. *See, e.g.*, *Ostrewich v. Tatum*, 72 F.4th 94, 100 (5th Cir. 2023); ECF No. 19 at 11–13 (citing cases).

Any injunction as to READER in its *entirety* is also impermissibly overbroad. An injunction is "overbroad if it is not narrowly tailor[ed] … to remedy the specific action which gives rise to the order as determined by the substantive law at issue." *Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir. 2016). Additionally, "[i]njunctions must be narrowly tailored within the context of the substantive law at issue to address the specific relief sought." *E.T. v. Paxton*, 19 F.4th 760, 769 (5th Cir. 2021). Plaintiffs' requested statewide preliminary injunction focuses on the alleged irreparable harms

of requiring vendors to generate book ratings by April 1, 2024. ECF No. 6 at 13–26. That relief does not require enjoining READER's other provisions addressed to school districts or state agencies.

**2.** As outlined in Defendants' Motion to Dismiss, Plaintiffs' First Amendment rights are not implicated by READER taking effect. ECF No. 19 at 16–33. The devising and implementation of public-school library policy is government speech, *Id.* at 16–19, a public-school library is a nonpublic forum in which Plaintiffs have no First Amendment rights, *Id.* at 19–22, and compelled speech is not at issue, *Id.* at 24–27. At most, the disputed ratings concern commercial speech, and READER withstands the respective intermediate scrutiny analysis that might apply. ECF No. 19 at 24–26.

Further, even if READER *does* implicate Plaintiffs' speech, READER does not violate the First Amendment. READER is not vague as applied to Plaintiffs, *Id.* at 27–29, is not overbroad, *Id.* at 31–32, does not constitute an unconstitutional prior restraint or delegation, *Id.* at 29–30; 33, and is otherwise not facially invalid. *Id.* at 30–31. Because READER does not want for constitutionality, and given the wide authority and discretion conferred in local and state entities and officials regarding the creation and implementation of educational policy in Texas public schools, *see* Tex. Educ. Code §7.102; Tex. Educ. Code §33.021; *see also Chiras v. Miller*, 432 F.3d 606, 608 (5th Cir. 2005); *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 273 (1988), Defendants are likely to succeed on appeal.

Moreover, each of these issues poses a "serious legal question" about the First Amendment. *Tex. Democratic Party*, 961 F.3d 389, 397 (5th Cir. 2020). That is all that is required where, as explained below, the equities heavily favor a stay. *See id.*

### B. Defendants, along with the entire Texas public school system, will be irreparably harmed by the enforcement of the Court's order.

The second factor, whether the appellant will be irreparably injured if the injunction is not stayed, weighs heavily in favor of Defendants. States enjoined from giving effect to their statutes generally suffer a form of automatic irreparable injury. *E.g.*, *Vote.org v. Callanen*, 39 F.4th 297, 308 (5th Cir. 2022). "When a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws." *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott,* 734 F.3d 406, 419 (5th Cir.2013); *see also Veasey v. Perry,* 769 F.3d 890, 895 (5th Cir. 2014); *Texas All. for Retired Americans v. Hughs*, 976 F.3d 564, 569 (5th Cir. 2020). And applied to the context of a school year which has already begun, Defendants, the Texas public school system, and the children it educates would most certainly be irreparably harmed if they are unable to implement READER.

Separate and apart from the requirements or obligations of Plaintiffs, READER requires *immediate* action from several state entities. Tex. Educ. Code §33.021; Tex. Educ. Code Ch. 35, Sec. 4. Specifically, it requires TSLAC, in consultation with SBOE, to devise and adopt standards for school library services in regard to the implementation of READER. Tex. Educ. Code §33.021(b–d). This must be complete by January 1, 2024. Tex. Educ. Code Ch. 35, Sec. 4. Meeting that *future* deadline is

an arduous task that requires significant *present* action: First, TSLAC must meet and consider standards for proposal. Second, TSLAC's proposed standards must be filed with the Texas Register. Third, SBOE must meet to vote on the proposed standards. SBOE only meets a few times a year, and the only remaining meeting prior to the January 1, 2024 deadline is November 14, 2023. Assuming SBOE approves the proposed standards, they must then be published in the Texas Register for a period of 30 days to allow for public comment. Finally, TSLAC must meet again to formally adopt the standards. Although Plaintiffs are not formally affected by any requirements of READER until April 1, 2024, none of the front-end, internal policy-making requirements of the state can take place with an order enjoining READER in place. Additionally, enjoinment of READER robs vendors of likely needed preparatory time to rate their books and prepare their lists. If and when the injunction is stayed, everyone— Plaintiffs as well as state entities— will be irreparably harmed by having less time to comply with the statutory deadlines.

Most importantly, Texas public school children will be harmed by enforcement of the Court's order. States have the "high responsibility for education of its citizen," which includes the obligations to set standards for what children learn in school and to protect parents' right to protect their children from inappropriate material. *Wisconsin v. Yoder*, 406 U.S. 205, 213 (1972). Texans, by and through the state legislature, have indicated that it is of the utmost importance to regulate the material they are exposed to in public school libraries. The Court's Order denies them the ability to exercise these values, and subsequently the planned and anticipated

safeguards will likely not be in place for the 2023–2024 school year. Texas experiences irreparable harm every day that its law is enjoined. *See, e.g.*, *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017).

### C. Plaintiffs will not be injured by a stay of the injunction.

Plaintiffs will not be harmed by a stay of the injunction. Given that Plaintiffs need not issue any ratings until April 2024, a stay will not "substantially injure" Plaintiffs. *Nken*, 556 U.S. at 426. To the contrary, in the event the Fifth Circuit overturns the injunction and a stay had *not* been in place, Plaintiffs will suffer *more* harm than if a stay *had been* in place. If this Court fails to issue a stay pending appeal but the Fifth Circuit does, it would only cause Plaintiffs to have even *less time* to comply with their April 1, 2024 deadline. Indeed, depending on the pace of Fifth Circuit proceedings, Plaintiffs' position means they may forego the ability to compete as a potential vendor for the 2023–2024 school year altogether.

Plaintiffs will likely argue that they will be harmed by a stay, as it would "force" them to use time and resources to rate books and prepare a list that would be unneeded if the Fifth Circuit upholds the District Court's Order. That argument fails, however, because Plaintiffs do not have any guarantee that any school district will ultimately buy any books from them, at all. More importantly, if— as Plaintiffs themselves have alleged— the anticipation of READER has already caused school districts to pause book purchases, ECF No. 1 at 13, Plaintiffs adduced no evidence that any school district will sua sponte resume purchasing until the appeal is settled

by the Fifth Circuit. It is implausible that school districts would voluntarily bear the risk of Plaintiffs' loss on appeal.

### D. The public interest is in protecting children.

The last factor, that the public interest is best served by a stay of a judgment, also weighs in favor of Defendants. "When 'the State is the appealing party, its interest and [aforementioned] harm merge with that of the public.'" *Hughs*, 976 F.3d 564 at 569 (quoting *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017)). This notion, put in the context of protecting children from exposure to inappropriate reading material in public school, makes perfect sense. For every Texan— regardless of whether they utilize the public school system or not— trust in a public-school education and in the educational policies of Texas is of the utmost importance, as Texas children are the future of Texas.

### PRAYER

Defendants request that the Court's Order granting Plaintiffs' Motion for Preliminary Injunction be stayed pending appeal. Such an injunction will do irreparable harm to the State and its public-school children, and a stay would not substantially harm the Plaintiffs in this case. In addition, Defendants' showing of the likelihood of success on the merits, the balance of the equities, and compelling public interest show that a stay is warranted. Given that the equitable balance heavily favors the State, enjoining READER would indisputably pose serious legal questions about the First Amendment, and that is sufficient to justify a stay.

10 | P a g e

Respectfully submitted.

**ANGELA COLMENERO**
Provisional Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**JAMES LLOYD**
Acting Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division

**RYAN KERCHER**
Deputy Chief, General Litigation Division

*/s/ Christina Cella*
**CHRISTINA CELLA**
Assistant Attorney General
Texas State Bar No. 24106199
Telephone: (512) 475-2952
Christina.Cella@oag.texas.gov

**AMY PLETSCHER**
Assistant Attorney General
Texas State Bar No. 24113663
Telephone: (512) 936-0927
Amy.Pletscher@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, a true and correct copy of the foregoing document was served on all counsels of record.

/s/ *Christina Cella*
**CHRISTINA CELLA**
Assistant Attorney General
Texas State Bar No. 24106199