# HAYNES BOONE



September 21, 2023

*Via Electronic Mail* (Michael_Saulnier@txwd.uscourts.gov)

U.S. District Judge Alan Albright
501 West Fifth Street, Suite 1100
Austin, Texas 78701

**Re:** *Book People, Inc., et al. v. Wong*, et al., No. 1-23-CV-00858-ADA in the U.S. District Court for the Western District of Texas

Dear Judge Albright:

We represent Plaintiffs Book People, Inc., VBK, Inc. d/b/a Blue Willow Bookshop, American Booksellers Association, Association of American Publishers, Authors Guild, Inc., and Comic Book Legal Defense Fund ("Plaintiffs") in the above-captioned matter. Pursuant to the discussion during the Status Hearing on September 19, 2023 (Dkt. 46), Plaintiffs submit this letter motion requesting that the Court clarify the Order issued on September 18, 2023 (Dkt. 43) to enjoin two additional provisions of House Bill 900 ("HB 900") that include a term held by this Court to be unconstitutionally vague.

In granting Plaintiffs' Motion for Preliminary Injunction (Dkt. 6), the Court held that "[t]he definitions of **'sexually explicit material'** and 'sexually relevant material' are unconstitutionally vague." Order at 42-47 (emphasis added). The Court found that the definition of "sexually explicit material" was unconstitutionally vague for many reasons, including that it "does not follow the definition of obscenity approved by the Supreme Court in *Miller v. California*, 413 U.S. 15, 24 (1973)." Order at 6-7. The Court also explained that the definition "provides no bright line that any of the Plaintiffs could be certain about when" determining whether materials should be categorized as "sexually explicit" and includes an exception for "library material directly related to the curriculum," which itself is unconstitutionally vague. Order at 5, 7, 47-49.

While the Court clearly held that the definition of "sexually explicit material" should be struck, the preliminary injunction omitted two critical provisions in HB 900 that include this unconstitutionally vague term—§§ 33.021(a) and 33.021(d)(2)(A)(ii). *See* Order at 59 (enjoining only §§ 35.001, 35.002, 35.0021, and 35.003 of HB 900). In order to fully effectuate the Court's Order, Plaintiffs respectfully request that the Court clarify that Defendants Martha Wong, Keven Ellis, and Mike Morath ("Defendants") are enjoined from applying, enforcing or attempting to enforce these additional provisions.

Section 33.021(a) should be enjoined because it provides the definition of "sexually explicit material," which the Court held to be unconstitutionally vague. Order at 43-47. The eight other references to "sexually explicit material" outside of § 33.021 have been enjoined, so too should its unconstitutional definition and its mandatory inclusion in the library collection development policies.

# HAYNES BOONE

Judge Alan Albright
September 21, 2023
Page 2

      Section 33.021(d)(2)(A)(ii) should also be enjoined because it *requires* Defendants Martha Wong and Keven Ellis, who are "responsible for formulating and promulgating mandatory library standards for public schools" (Order at 26), to adopt mandatory library standards that incorporate the unconstitutionally vague definition of "sexually explicit material." The library standards, which a school district "*shall* adhere to," "*must include* a library collection development policy that prohibits the possession, acquisition, and purchase of library material rated **sexually explicit material** by the selling library material vendor." § 33.021(d)(2)(A)(ii) (emphasis added). If this provision is not enjoined, it would allow Defendants to make an end-run around the Court's Order by devising mandatory library standards that incorporate the unconstitutionally vague definition.

      Enjoining §§ 33.021(a) and 33.021(d)(2)(A)(ii) harmonizes the preliminary injunction with the rest of the Order. By contrast, allowing those provisions to be enforced would undermine the Court's holding and allow Defendants to circumvent the Court's well-reasoned findings.

      Thus, Plaintiffs respectfully request that the Court issue an Order clarifying that Defendants "are **ENJOINED** from applying, enforcing, or attempting to enforce, either criminally or civilly, §§ 33.021(a), 33.021(d)(2)(A)(ii), 35.001, 35.002, 35.0021, and 35.003 of HB 900, the Restricting Explicit and Adult-Designated Educational Resources (READER) Act."

Sincerely,

*Laura Lee Prather* (signature)

Laura Lee Prather
Partner, Haynes and Boone, LLP
Laura.prather@haynesboone.com
Direct Phone Number: (512) 867-8476
Direct Fax Number: (512) 867-8609