```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE WESTERN DISTRICT OF TEXAS
                              AUSTIN DIVISION

BOOK PEOPLE, INC., ET AL*
                        *       September 19, 2023
VS.                     *
                        * CIVIL ACTION NO. 1:23-CV-858
MARTHA WONG, ET AL      *

              BEFORE THE HONORABLE ALAN D ALBRIGHT
                    MOTIONS HEARING (via Zoom)

APPEARANCES:

For the Plaintiff:   Laura Lee Prather, Esq.
                     Michael Joseph Lambert, Esq.
                     William Reid Pillifant, Esq.
                     Haynes and Boone, LLP
                     600 Congress Ave., Suite 1300
                     Austin, TX 78701

For the Defendant:   Christina Cella, Esq.
                     Amy Elizabeth Pletscher, Esq.
                     Office of the Attorney General
                       of Texas
                     PO Box 12548
                     Capitol Station
                     Austin, TX 78701

Court Reporter:      Kristie M. Davis, CRR, RMR
                     PO Box 20994
                     Waco, Texas 76702-0994
                     (254) 340-6114
```

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

2

```
01:48    1                    (Hearing begins.)
03:03    2                    DEPUTY CLERK:  A civil action in Case
03:04    3    AU:23-CV-858, Book People, Incorporated, versus Martha
03:04    4    Wong, et al.  Case called for a status conference.
03:04    5                    THE COURT:  Announcements from counsel,
03:04    6    please.
03:04    7                    MS. PRATHER:  Your Honor, Laura Prather
03:04    8    here on behalf of plaintiffs.
03:04    9                    MS. CELLA:  Your Honor, Christina Cella
03:04   10    and Amy Fletcher on behalf of defendants.
03:04   11                    THE COURT:  Welcome.
03:04   12                    We need to talk about a potential trial
03:04   13    date.  And so I wanted to -- I don't know if -- have
03:04   14    you all discussed anything about getting to trial or
03:04   15    what's going to happen between now and then?  Have you
03:04   16    all had a chance to chat?
03:04   17                    MS. CELLA:  No, Your Honor.
03:04   18                    THE COURT:  Okay.  Well, then I may be
03:04   19    jumping the boat here.
03:04   20                    But Ms. Prather, what is -- what are your
03:04   21    thoughts about when the plaintiff could be ready for
03:04   22    trial?
03:04   23                    MS. PRATHER:  Well, Your Honor, I guess
03:04   24    it depends on what happens with this appeal.  But
03:05   25    presumably it would be next year, probably second
```

3

03:05  1   quarter.
03:05  2                   THE COURT:  So I'm just -- I do better
03:05  3   with months.  So ten months-ish?
03:05  4                   MS. PRATHER:  Yes, Your Honor.
03:05  5                   THE COURT:  Okay.  And for the defendant?
03:05  6                   MS. CELLA:  Well, as Ms. Prather
03:05  7   indicated, we think that this Court lacks the
03:05  8   jurisdiction to proceed with scheduling the trial, but
03:05  9   if we were to have to pick a date, I would think we
03:05  10  could be in line with what Ms. Prather suggested, ten
03:05  11  months to a year.
03:05  12                  THE COURT:  Okay.  So why don't you
03:05  13  all -- with that in mind, that puts us in -- let's just
03:05  14  ballpark and say July time period.  Why don't you all
03:05  15  get together and come up with a schedule.
03:06  16                  I'm not -- I'll start with Ms. Prather.
03:06  17  And this is -- I won't hold you to this because I'm
03:06  18  just trying to figure out what -- I don't -- will there
03:06  19  be experts in a case like this?  Will it be fact
03:06  20  witnesses?  I don't know why there would be experts,
03:06  21  but, you know, I'm learning a lot about this law as I
03:06  22  go.  So...
03:06  23                  MS. PRATHER:  I understand, Your Honor.
03:06  24                  There may be one.  But I do think that
03:06  25  probably our fact witnesses will be able to address,

4

```
03:06  1    for instance, the economic issues.
03:06  2                    THE COURT:  Okay.  Does the defendant
03:06  3    anticipate -- assuming that the case does proceed to
03:06  4    trial, does the defendant believe there would be a need
03:06  5    for experts?  I'm just, again, trying to get an idea of
03:06  6    what all needs to be done.
03:06  7                    MS. CELLA:  I don't think so, Your Honor.
03:06  8    Possibly based on if the plaintiff intends to call an
03:07  9    expert, we may need --
03:07  10                   THE COURT:  A rebuttal.
03:07  11                   MS. CELLA:  -- an expert to rebut that.
03:07  12   But I don't anticipate it just for our case-in-chief.
03:07  13                   THE COURT:  It seems we can get to
03:07  14   trial -- well, what I don't know -- what I don't want
03:07  15   to interfere with is the defendants' right to have this
03:07  16   appeal heard and resolved.  So I'm trying to balance
03:07  17   the two things.
03:07  18                   I don't want to be having a trial where
03:07  19   there's an open issue where the State is protesting or
03:07  20   a disagreement with my standing.
03:07  21                   And so that being said, it sounds to me
03:07  22   like if we came up with a date for the moment -- I'm
03:07  23   going to assume but not hold you all to the fact that
03:07  24   there may not be experts, which just means you all
03:07  25   could get to trial quicker.
```

5

```
03:07   1              So why don't we go ahead and then we will
03:07   2   find a date -- I'm assuming -- I'll show my ignorance
03:07   3   again -- this is a bench trial, I assume?  And not a
03:08   4   jury trial.  And so would either -- does either side --
03:08   5   let me try it like this.
03:08   6              Does either side believe they're entitled
03:08   7   to a jury?
03:08   8              MS. PRATHER:  I believe it would be a
03:08   9   bench trial, Your Honor.
03:08  10              THE COURT:  And for the State?
03:08  11              MS. CELLA:  We agree with that.
03:08  12              THE COURT:  Okay.  Again, makes it much
03:08  13   easier because I think in a bench trial, I can -- you
03:08  14   know, I can move things along pretty quickly.
03:08  15              And so my current -- I will tell you,
03:08  16   again -- now this is my chance to say I might change my
03:08  17   mind -- but for right now I'm thinking -- let me ask
03:08  18   you this:  My patent trials typically each side has
03:08  19   about ten hours per side and those trials we finish
03:08  20   usually by Thursday.
03:08  21              Do either of you think you would need
03:08  22   more than ten hours per side to put on your case and to
03:08  23   cross the other side?  I can't imagine there'd be that
03:08  24   many witnesses, but -- and in those cases we have
03:08  25   experts.
```

6

03:08  1            So let's assume for purpose of this -- I
03:09  2   just want to make sure -- let me say this:  I'm going
03:09  3   to allot a week for the trial.  There may or may not
03:09  4   be -- just so you know, won't be a big deal -- there
03:09  5   may or may not be Wednesday morning off for you all if
03:09  6   that week is a week I have to sentence people.
03:09  7            And so -- and even then, you know, you
03:09  8   all can be -- stand by and as soon as I'm done
03:09  9   sentencing, we can start.
03:09 10            But I'll find a week for you all in mid
03:09 11  June or early July.  Does -- I saw a gasp.  Is there a
03:09 12  problem with one of those dates?
03:09 13            MS. PRATHER:  Mid June there's a problem.
03:09 14  With July there's not a problem with.  June there is.
03:09 15            THE COURT:  Okay.  Why don't we do this?
03:09 16  We'll find -- we'll shoot for the first half of July,
03:09 17  and we'll give you a week.  And with no jury, that's a
03:09 18  good thing.
03:09 19            So now let me ask you this:  I'll start
03:09 20  with Ms. Prather.  Is there anything else you think we
03:09 21  need to take up at this time?
03:09 22            MS. PRATHER:  No, Your Honor.  I don't
03:09 23  believe so.
03:09 24            THE COURT:  And for the State?
03:10 25            MS. CELLA:  Yes, Your Honor.  I do want

7

```
03:10   1    to renew our objection regarding entering a scheduling
03:10   2    order.
03:10   3                   There is one other matter I'd like to
03:10   4    discuss briefly if you have a moment and you'll indulge
03:10   5    us.
03:10   6                   THE COURT:  I'm happy to.  And your --
03:10   7    whatever it is.  Your objection's noted, but I'm going
03:10   8    to have you enter a scheduling order.  So...
03:10   9                   MS. CELLA:  Thank you, Your Honor, for
03:10   10   noting that.
03:10   11                  I just want to clarify and my clients
03:10   12   also would like us to clarify, recognizing this Court's
03:10   13   authority and respecting that authority, we just don't
03:10   14   want to run afoul of the order.
03:10   15                  Can I just confirm or can you confirm
03:10   16   that the order enjoins the entire bill?  The only
03:10   17   reason I'm asking --
03:10   18                  THE COURT:  It should have -- I'm pretty
03:10   19   sure, if you look at the final, it has -- I think we
03:10   20   identified just a handful of sections of the rule.
03:10   21                  MS. CELLA:  Okay.  We were reading it and
03:11   22   we kind of -- both me and my clients read it, both we,
03:11   23   so if you're confirming it's only enjoined us to those
03:11   24   specific sections you listed in the very last
03:11   25   paragraph, that we understand that.
```

8

```
03:11   1                      THE COURT:  Yes.  That is correct.
03:11   2                      MS. CELLA:  Okay.  Thank you for
03:11   3    clarifying that.  That's all I have.
03:11   4                      THE COURT:  Okay.  And let me ask you
03:11   5    this:  My intention was to, in essence, grant the
03:11   6    relief you were seeking in your motion.  Did -- setting
03:11   7    aside -- I don't need to hear you say again you don't
03:11   8    like us and we don't have standing and you disagree
03:11   9    with the whole -- I get all that.
03:11  10                      But did we limit the order in the way
03:11  11    that you all had suggested in terms of it -- preventing
03:11  12    it from having an impact on what we saw as just
03:11  13    intrastate activities that, in our opinion, didn't
03:11  14    necessarily impact the plaintiff.
03:11  15                      MS. CELLA:  I believe so, Your Honor.  I
03:11  16    was just confirming that.  And I don't believe that
03:12  17    there is a criminal provision in that bill.  So...
03:12  18                      THE COURT:  I don't think so either.
03:12  19                      MS. CELLA:  Okay.  It just mentions about
03:12  20    enforcing it criminally, which I don't see that in the
03:12  21    bill.  But obviously that won't be an issue because we
03:12  22    wouldn't have authority to do that.
03:12  23                      THE COURT:  I think that was a belt and
03:12  24    suspenders.  You may have missed it, but the State's
03:12  25    been involved in some preliminary injunctions lately.
```

```
03:12   1              And so we took orders -- we tried to find
03:12   2   all the recent orders in federal courts.  And in some
03:12   3   of those, we had -- there was the same ambiguity, for
03:12   4   lack of a better word, about that.  And so that was a
03:12   5   belt and suspenders.
03:12   6              I agree with you.  I don't think there
03:12   7   are criminal provisions that would -- that plaintiff
03:12   8   would be subject to.
03:12   9              But, Ms. Prather, if you want to weigh in
03:12  10   on that, I'm welcome to hear from you too.
03:12  11              MS. PRATHER:  Not on the criminal
03:12  12   provisions, Your Honor, but on the specific provisions
03:13  13   that are enjoined, there are at least three provisions
03:13  14   that are not listed in that last sentence of your order
03:13  15   that tie back to provisions that are listed in your
03:13  16   order.  And so that leaves, I think, some confusion.
03:13  17              In Section 33.021 --
03:13  18              THE COURT:  Well, let's do this, because
03:13  19   I don't -- I'm worried that you're going to catch the
03:13  20   other side off guard.  And I don't want -- have you
03:13  21   talked to the other side about this?
03:13  22              MS. PRATHER:  I just read the order, Your
03:13  23   Honor.  And no.  I have not spoken to the other side.
03:13  24   I think they're equally as confused, which is why they
03:13  25   brought up their point.
```

```
03:13   1              THE COURT:  Okay.  Why don't you do this?
03:13   2   Why don't you submit something to us identifying the
03:13   3   specific sections and your concerns, and if -- as
03:13   4   quickly as you can do that in the next couple of days
03:13   5   and the State can respond.  And if we need to modify
03:13   6   the order or do something to clarify the order, we'll
03:14   7   do it in writing so that it's as quick as possible for
03:14   8   you all.
03:14   9              Does that work?
03:14  10              MS. PRATHER:  Yes, Your Honor.  Are
03:14  11   you -- are you wanting a motion to clarify?  What form
03:14  12   would you like it?
03:14  13              THE COURT:  We do a lot of discovery
03:14  14   hearings where we limit e-mails to 500 words.  Really
03:14  15   what I need from you all is it sounds to me like you
03:14  16   could pretty quickly put together something in two or
03:14  17   three pages identifying the specific sections and
03:14  18   your -- and your concerns briefly, and the State can
03:14  19   respond.  And then if we need a hearing, I'll have one.
03:14  20              But we'll put -- if I need a hearing,
03:14  21   I'll have one.  But if we don't, we'll give you
03:14  22   something in writing clarifying on those three
03:14  23   sections.
03:14  24              MS. PRATHER:  Is it okay if I do that in
03:14  25   the form of a letter, Your Honor?
```

```
03:14    1                    THE COURT:  Does the State oppose that?
03:14    2                    MS. CELLA:  Not at all.
03:14    3                    THE COURT:  Okay.  Let's do it in the
03:14    4    form of a letter.  And then again, the more quickly the
03:14    5    State -- I'm not going to put a deadline on the State
03:15    6    other than as quickly as possible because I know you
03:15    7    all want clarification as well.
03:15    8                    And so, you know, as soon as we have it,
03:15    9    you know, we'll decide whether or not we need a quick
03:15   10    hearing or something.
03:15   11                    So I'll start again with Ms. Prather.  Is
03:15   12    there anything else we need to take up?
03:15   13                    MS. PRATHER:  No.  I don't believe so,
03:15   14    Your Honor.
03:15   15                    THE COURT:  And for the State?
03:15   16                    MS. CELLA:  No, Your Honor.
03:15   17                    THE COURT:  Has the State -- and you
03:15   18    don't have to tell me if you don't -- has the State
03:15   19    filed the appeal?  I'm just again trying to figure out
03:15   20    the timing for my -- for our side.
03:15   21                    MS. CELLA:  Yes, Your Honor.  We filed
03:15   22    the notice of appeal last night around, give or take,
03:15   23    6:30.
03:15   24                    THE COURT:  Okay.  So that -- so that --
03:15   25    I just wanted to make sure that that clock has started.
```

03:15  1           MS. CELLA:  Yes.  It has.
03:15  2           THE COURT:  And again if I -- if I do
03:15  3  something where everyone on your side screams because
03:15  4  they feel like I'm doing something intentionally to
03:15  5  interfere with your ability to protect your rights with
03:15  6  the Fifth Circuit, I really am not.
03:16  7           And so if something happens in the case
03:16  8  where you need a hearing right away, you know, just let
03:16  9  Mike know and we're usually pretty good about having
03:16 10  something within a day or two if there's some issue
03:16 11  that you need to raise with the Court about something.
03:16 12           Because I -- let me make as clear as I
03:16 13  can, we obviously spent a lot of time and struggled
03:16 14  with the issue of standing to make sure we thought we
03:16 15  got it right, but obviously we understand the State's
03:16 16  position.  And, you know, I want to make sure that your
03:16 17  rights are protected as well.
03:16 18           MS. CELLA:  Thank you, Your Honor.
03:16 19           THE COURT:  So anything else?  If not,
03:16 20  have a good afternoon.
03:16 21           And please get those letters in as
03:16 22  quickly as you can, and we'll -- probably the best
03:16 23  thing to do would be to address it to Mike in care of
03:16 24  me -- or I don't know.  I've never mailed anything to
03:16 25  me, so I don't really know how you do that.  But if you

```
03:16    1   would make sure it's directed to him and that way he'll
03:17    2   get it as quickly as possible.  And you're welcome to
03:17    3   e-mail it too.  You're welcome to send it however you
03:17    4   care to send it.
03:17    5                MS. PRATHER:  Thank you, Your Honor.
03:17    6                THE COURT:  Have a good day.  Take care.
03:17    7                (Hearing adjourned.)
```

14

1  UNITED STATES DISTRICT COURT  )
2  WESTERN DISTRICT OF TEXAS     )
3
4
5          I, Kristie M. Davis, Official Court
6  Reporter for the United States District Court, Western
7  District of Texas, do certify that the foregoing is a
8  correct transcript from the record of proceedings in
9  the above-entitled matter.
10         I certify that the transcript fees and
11  format comply with those prescribed by the Court and
12  Judicial Conference of the United States.
13         Certified to by me this 23rd day of
14  September 2023.
15
16                        /s/ Kristie M. Davis
                          KRISTIE M. DAVIS
                          Official Court Reporter
17                        800 Franklin Avenue
                          Waco, Texas 76701
18                        (254) 340-6114
                          kmdaviscsr@yahoo.com
19
20
21
22
23
24
25

03:17