# United States Court of Appeals
# for the Fifth Circuit

───────────

No. 23-50668

───────────

FILED
April 25, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____klw_____
         DEPUTY

United States Court of Appeals
Fifth Circuit
**FILED**
January 17, 2024
Lyle W. Cayce
Clerk

BOOK PEOPLE, INCORPORATED; VBK, INCORPORATED, *doing business as* BLUE WILLOW BOOKSHOP; ASSOCIATION OF AMERICAN PUBLISHERS; AUTHORS GUILD, INCORPORATED; COMIC BOOK LEGAL DEFENSE FUND; AMERICAN BOOKSELLERS ASSOCIATION,

*Plaintiffs—Appellees,*

*versus*

MARTHA WONG, *in her official capacity as the Chair of the Texas State Library and Archives Commission*; KEVIN ELLIS, *in his official capacity the Chair of the Texas State Board of Education*; MIKE MORATH, *in his official capacity as the Commissioner of the Texas Education Agency*,

*Defendants—Appellants.*

───────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-858

───────────

Before WIENER, WILLETT, and DOUGLAS, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

Certified as a true copy and issued
as the mandate on Apr 25, 2024
Attest:
_Lyle W. Cayce_
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 23-50668

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED IN PART and REVERSED IN PART, and the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 16, 2024
Lyle W. Cayce
Clerk

No. 23-50668

―――――――――

Book People, Incorporated; VBK, Incorporated, *doing business as* Blue Willow Bookshop; Association of American Publishers; Authors Guild, Incorporated; Comic Book Legal Defense Fund; American Booksellers Association,

*Plaintiffs—Appellees*,

*versus*

Martha Wong, *in her official capacity as the Chair of the Texas State Library and Archives Commission*; Kevin Ellis, *in his official capacity the Chair of the Texas State Board of Education*; Mike Morath, *in his official capacity as the Commissioner of the Texas Education Agency*,

*Defendants—Appellants*.

―――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-858

―――――――――

PUBLISHED ORDER

Before Wiener, Willett, and Douglas, *Circuit Judges*.

Per Curiam:

The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified

No. 23-50668

not having voted in favor (Fed. R. App. P. 35 and 5th Cir. R. 35), on the Court's own motion, rehearing en banc is DENIED.

In the en banc poll, eight judges voted in favor of rehearing (Chief Judge Richman and Judges Jones, Smith, Elrod, Ho, Duncan, Engelhardt, and Oldham), and nine judges voted against rehearing (Judges Stewart, Southwick, Haynes, Graves, Higginson, Willett, Wilson, Douglas, and Ramirez).

2

No. 23-50668

JAMES C. HO, *Circuit Judge*, joined by JONES, SMITH, DUNCAN, and ENGELHARDT, *Circuit Judges*, dissenting from denial of rehearing en banc:

States have a profound interest in protecting the innocence of children from various adult activities. We don't let children buy alcohol. We don't let them gamble. They're not supposed to smoke. *See*, *e.g.*, 21 U.S.C. § 387f(d)(5) (tobacco); 23 U.S.C. § 158 (alcohol); CONN. GEN. STAT. § 12-576 (gambling).

We also shield them from sexually explicit materials. Nothing in the First Amendment prevents states from taking steps to shield children from such content. *See*, *e.g.*, *Ginsberg v. New York*, 390 U.S. 629, 639 (1968) ("The well-being of its children is of course a subject within the State's constitutional power to regulate," "justify[ing] . . . limitations . . . upon the availability of sex material to minors"); *FCC v. Pacifica Found.*, 438 U.S. 726, 749 (1978) ("Bookstores and motion picture theaters . . . may be prohibited from making indecent material available to children."); *New York v. Ferber*, 458 U.S. 747, 757 (1982) ("we have sustained legislation aimed at protecting the physical and emotional well-being of youth even when the laws have operated in the sensitive area of constitutionally protected rights"); *Thompson v. Oklahoma*, 487 U.S. 815, 824 (1988) (in all "50 States," "no one under age 16 may purchase pornographic materials"); *see also Pope v. Illinois*, 481 U.S. 497, 516 n.11 (1987) (Stevens, J., dissenting) ("As for prohibiting sale or exhibition of sexually explicit material to minors . . . it has long been established that the State may go beyond the constitutional definition of obscenity.").

We emphasized these same principles just last month in *Free Speech Coalition, Inc. v. Paxton*, 95 F.4th 263 (5th Cir. 2024). *See also Woodlands Pride v. Paxton*, No. 23-20480 (5th Cir. Feb. 20, 2024) (separate opinion).

3

The READER Act should be easy to affirm under these principles. *See* 88th Leg., R.S., ch. 808, 2023 Tex. Sess. Law Serv. 2539 (H.B. 900) (codified at Tex. Educ. Code §§ 33.021, 35.001–.008). The Act simply prohibits public school districts and open-enrollment charter schools from possessing, acquiring, and purchasing content with sexually explicit material for public school libraries. *Id.* § 33.021(d)(2)(A). To facilitate transactions with book vendors, the Act asks vendors to inform the State if a book contains sexually explicit or sexually relevant material before selling it to a school district. *Id.* § 35.002(a). It also asks vendors to inform the State of any books containing this material previously sold to a school district. *Id.* § 35.002(c), (d). And it directs the Texas Education Agency to post the names of books sold to school districts containing this material. *Id.* § 35.002(e).

There is no basis for holding the READER Act unconstitutional under the First Amendment. The Supreme Court has long affirmed that schools have "the authority to remove books [from a school library] that are vulgar." *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 684 (1986) (citing *Bd. of Educ. v. Pico*, 457 U.S. 853, 871–72 (1982) (plurality opinion), *id.* at 879–81 (Blackmun, J., concurring in part and in judgment), and *id.* at 918–20 (Rehnquist, J., dissenting)).

\* \* \*

The panel concluded that the READER Act violates the First Amendment because the Act unconstitutionally compels speech. *See Book People, Inc. v. Wong*, 91 F.4th 318 (5th Cir. 2024).

But I don't see how. The READER Act doesn't compel anyone to say anything. It simply provides that any vendor who wishes to sell books to public schools must answer certain questions prior to the sale—just as ordinary consumers often ask questions of merchants before deciding whether to make a purchase. As the panel acknowledged, the Act merely

4

No. 23-50668

"requires school book vendors *who want to do business with Texas public schools* to issue sexual-content ratings for all library materials they have ever sold (or will sell), flagging any materials deemed to be 'sexually explicit' or 'sexually relevant' based on the materials' depictions of or references to sex." *Id.* at 324 (emphasis added).

In short: The business can decline to respond, and the consumer can decline to purchase. That's not compelled speech—that's consumer speech.

The panel did not cite a single case that applies the compelled speech doctrine when the government is asking questions as a potential consumer—rather than compelling speech as a regulator armed with the coercive powers of the state. Every case cited by the panel involves government as regulator, not consumer. *See*, *e.g.*, *W.V. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943) ("*compelling* the flag salute and pledge transcends constitutional limitations . . . and invades the sphere of intellect and spirit which it is the purpose of the First Amendment to our Constitution to reserve from all official control") (emphasis added); *Wooley v. Maynard*, 430 U.S. 705, 715 (1977) ("Here, as in *Barnette*, we are faced with a state measure which *forces* an individual, . . . to be an instrument for fostering public adherence to an ideological point of view he finds unacceptable.") (emphasis added); *303 Creative LLC v. Elenis*, 600 U.S. 570, 602–3 (2023) ("Colorado seeks to *force* an individual to speak in ways that align with its views but defy her conscience about a matter of major significance.") (emphasis added).

\* \* \*

I respectfully dissent from the denial of rehearing en banc.

5

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

April 25, 2024

Mr. Philip Devlin
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 23-50668    Book People, Incorporated v. Wong
                      USDC No. 1:23-CV-858

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                          Sincerely,

                          LYLE W. CAYCE, Clerk

                          By: _____
                          Christina A. Gardner, Deputy Clerk
                          504-310-7684

cc:  Mr. Thomas F. Allen Jr.
     Mr. Joshua J. Bennett
     Mr. James G. Byrd
     Ms. Christina Cella
     Mr. Ryan W Goellner
     Ms. Kateland R. Jackson
     Mr. Peter Drew Kennedy
     Mr. Michael Lambert
     Mr. Thomas S. Leatherbury
     Mr. Garrett Meisman
     Mr. JT Morris
     Ms. Lanora Christine Pettit
     Mr. William Reid Pillifant
     Ms. Laura Lee Prather
     Mr. Benjamin Edward Prengler
     Ms. Catherine Lewis Robb
     Mr. Kevin T. Shook
     Ms. Catherine Bukowski Smith

```
Mr. Peter Steffensen
Ms. Linda Steinman
Mr. Chance Weldon
Mr. Benjamin Arnold West
Mr. Coy Allen Westbrook
```