UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Book People, Inc., VBK, Inc., American Booksellers Association, Association of American Publishers, Authors Guild, Inc., Comic Book Legal Defense Fund**<br>    *Plaintiffs*,<br><br>v.<br><br>**Martha Wong, Keven Ellis, Mike Morath,**<br>    *Defendants.* | **Civil No.**<br>**AU: 23-CV-00858-ADA** |

**Defendant Mike Morath's Original Answer and Affirmative Defenses**

Defendant Mike Morath (hereinafter, "Defendant Morath" or "Morath"), in his official capacity as Commissioner of the Texas Education Agency (hereinafter, "TEA"), files this Original Answer and Affirmative Defenses, in response to Plaintiffs' Original Complaint (ECF No. 1). In support thereof, Defendant Morath respectfully shows the following:

**ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

Pursuant to Rule 8(d), Defendant Morath denies each and every allegation contained in Plaintiffs' Original Complaint except those expressly admitted below.

### I.  INTRODUCTION

1. Defendant Morath admits that H.B. 900 (hereinafter, "READER") prohibits sexually explicit material from public school libraries and places restrictions on material that is sexually relevant. However, Defendant Morath denies the use of the word "bans." Defendant Morath further admits that Plaintiffs have brought claims under the First and Fourteenth Amendments, but denies the remaining allegations in this paragraph.

2. Defendant Morath does not have sufficient information to admit or deny that school districts have halted the purchase of school library books because of READER. Defendant Morath denies the remaining allegations in this paragraph.

3. Defendant Morath denies that the required ratings are based on unclear and arbitrary government criteria and that the State sanctions booksellers. Defendant Morath admits the remaining allegations in this paragraph.

4. Defendant Morath denies that READER grants the government "unchecked licensing authority" and that booksellers are publicly shamed for disobeying the government's wishes. Otherwise, admit.

5. Defendant Morath denies the allegations in this paragraph.

6. Defendant Morath denies the allegations in this paragraph.

## II.   PARTIES

**A.   Plaintiffs**

7. Defendant Morath does not possess sufficient information to either admit or deny the allegations in this paragraph.

8. Defendant Morath does not possess sufficient information to either admit or deny the allegations in this paragraph.

9. Defendant Morath does not possess sufficient information to either admit or deny the allegations in this paragraph.

10. Defendant Morath does not possess sufficient information to either admit or deny the allegations in this paragraph.

11. Defendant Morath does not possess sufficient information to either admit or deny the allegations in this paragraph.

12. Defendant Morath does not possess sufficient information to either admit or deny the allegations in this paragraph.

**B.      Defendants**

13. The Court has dismissed all claims against Martha Wong, so paragraph 13 requires no answer.

14. The Court has dismissed all claims against Keven Ellis, so paragraph 14 requires no answer.

15. Admit.

16. Defendant Morath specifically denies statutory use of the term "Book Ban." Otherwise, admit.

### III.     JURISDICTION AND VENUE

17. Paragraph 17 is an assertion of law which requires no answer.

18. Defendant Morath admits that he is a resident of Texas.

19. Paragraph 19 is an assertion of law which requires no answer.

20. Paragraph 20 is an assertion of law which requires no answer.

21. Paragraph 21 is an assertion of law which requires no answer.

## IV.  LIST OF EXHIBITS

This subsection requires no answer.

## V.  STATEMENT OF FACTS

22. Defendant Morath generally denies the allegation in this paragraph, subject to the admissions noted above.

23. Defendant Morath does not possess sufficient information to either admit or deny the allegations in this paragraph.

24. Defendant Morath does not possess sufficient information to either admit or deny the allegations in this paragraph.

25. Paragraph 25 contains a series of legal conclusions, rather than factual allegations, which do not require an answer.

26. Defendant Morath does not possess sufficient information to either admit or deny whether Maryland was the last state to shut down its censorship board. Defendant Morath admits that READER requires booksellers/vendors to rate material they have sold and seek to sell to public school libraries, but denies all remaining allegations in this paragraph and specifically denies the ongoing use of the term "Book Ban."

27. Defendant generally denies the allegations in this paragraph.

28. Defendant Morath does not possess sufficient information to either admit or deny the intricacies of the legislative posture which are alleged in this paragraph.

29. Defendant Morath does not possess sufficient information to either admit or deny what inspired Rep. Patterson to sponsor READER, as alleged this paragraph. Defendant Morath admits that READER requires booksellers/vendors to provide ratings which may be reviewed by the State, but denies that the State is a "regime."

30. Defendant Morath does not possess sufficient information to either admit or deny the intricacies of the legislative posture which are alleged in this paragraph.

31. Defendant Morath does not possess sufficient information to either admit or deny the intricacies of the legislative posture which are alleged in this paragraph.

32. Defendant Morath does not possess sufficient information to either admit or deny the intricacies of the legislative posture which are alleged in this paragraph.

33. Defendant Morath does not possess sufficient information to either admit or deny the intricacies of the legislative posture which are alleged in this paragraph.

34. Defendant Morath does not possess sufficient information to either admit or deny the intricacies of the legislative posture which are alleged in this paragraph.

35. Admit.

36. Defendant Morath does not possess sufficient information to either admit or deny the allegations in this paragraph.

37. Admit.

38. Defendant Morath denies that the allegations in this paragraph are a full and complete recitation of the law, otherwise, admit.

39. Admit.

40. Admit.

41. Admit.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Defendant Morath denies that the use of the word "banned" is contained in the statute, otherwise, admit.

47. Admit.

48. Defendant Morath denies that the allegations contained in this paragraph constitute a full and complete recitation of the law, otherwise, admit.

49. Defendant Morath denies that the allegations in this paragraph are an accurate recitation of the cited statutes.

50. Defendant Morath admits that the statute delineates a process by which TEA may review bookseller/vendor ratings and requires bookseller/vendor application of corrected ratings. Otherwise, Defendant Morath denies the remaining allegations in this paragraph.

51. Defendant Morath denies that the allegations in this paragraph are a complete and accurate recitation of the cited statute.

52. Admit.

53. Admit.

54. Admit.

## VI. CAUSES OF ACTION

A. **Count One: 42 U.S.C. § 1983, Violation of Free Speech Rights Under the First and Fourteenth Amendments to the U.S. Constitution—Compelled Speech**

55. The allegations in this paragraph are subject to the admissions and denials noted above.

56. Defendant Morath admits that he is the Commissioner of Texas Education Agency and is bound by state law.

57. The allegation in this paragraph is legal conclusion rather than a factual allegation and thus requires no answer.

58. Defendant Morath denies the allegations in this paragraph.

59. Defendant Morath denies statutory use of the words "overrule" and "ban." Defendant Morath further denies that a complete and accurate recitation of §35.004 has been provided. Otherwise, admit.

60. Defendant Morath denies the allegations in this paragraph.

B. **Count Two: 42 U.S.C. § 1983, Violation of Free Speech and Due Process Rights Under the First and Fourteenth Amendments to the U.S. Constitution—Vagueness**

61. The allegations in this paragraph are subject to the admissions and denials noted above.

62. Defendant Morath admits that he is the Commissioner of Texas Education Agency and is bound by state law.

63. Defendant Morath does not possess sufficient information to either admit or deny the allegations in this paragraph.

64. Defendant Morath denies the allegations in this paragraph.

65. Defendant Morath denies the allegations in this paragraph.

66. Defendant Morath denies the allegations in this paragraph.

67. Defendant Morath denies the allegations in this paragraph.

68. Defendant Morath denies the allegations in this paragraph.

69. Defendant Morath denies the allegations in this paragraph.

C. **Count Three: 42 U.S.C. § 1983, Violation of Free Speech and Due Process Rights Under the First and Fourteenth Amendments to the U.S. Constitution—Prior Restraint**

70. The allegations in this paragraph are subject to the admissions and denials noted above.

71. Defendant Morath admits that he is the Commissioner of Texas Education Agency and is bound by state law.

72. Defendant Morath denies statutory use of the terms "Book Ban," "block(s)," and that READER establishes a regime. Otherwise, admit.

73. Defendant Morath denies statutory use of the term "overrule." Otherwise, admit.

74. Defendant Morath denies statutory use of the term "barred." Otherwise, admit.

75. Defendant Morath denies the allegations in this paragraph.

76. Defendant Morath denies the allegations in this paragraph.

77. Defendant Morath denies the allegations in this paragraph.

**D.     Count Four: 42 U.S.C. § 1983, Violation of Free Speech Rights Under the First and Fourteenth Amendments to the United States Constitution—Facial and As Applied Challenge**

78.     The allegations in this paragraph are subject to the admissions and denials noted above.

79.     Defendant Morath admits that he is the Commissioner of Texas Education Agency and is bound by state law.

80.     The allegation in this paragraph is legal conclusion rather than a factual allegation and thus requires no answer.

81.     The allegations in this paragraph are an incomplete recitation and application of law. Therefore, Defendant Morath denies.

82.     Defendant Morath admits that READER provides guidance as to what constitutes "sexually explicit material" and "sexually relevant material" for the purpose of assisting booksellers/vendors with their ratings.

83.     Defendant Morath admits that READER provides an exception for curriculum related "sexually explicit" and "sexually relevant" material.

84.     Defendant Morath denies the allegations in this paragraph.

85.     Defendant Morath denies the allegations in this paragraph.

86.     Defendant Morath denies the allegations in this paragraph.

**E.     Count Five: 42 U.S.C. § 1983, Violation of Free Speech and Due Process Rights Under the First and Fourteenth Amendments to the U.S. Constitution—Overbreadth**

87.     The allegations in this paragraph are subject to the admissions and denials noted above.

88. Defendant Morath admits that he is the Commissioner of Texas Education Agency and is bound by state law.

89. The allegation in this paragraph is legal conclusion rather than a factual allegation and thus requires no answer.

90. Defendant Morath denies the allegation in this paragraph.

91. Defendant Morath admits that READER prohibits obscene material. Otherwise, denies.

92. Defendant Morath denies the allegations in this paragraph.

F. **Count Six: 42 U.S.C. § 1983, Violation of Free Speech and Due Process Rights Under the First and Fourteenth Amendments to the U.S. Constitution—Unconstitutional Delegation of Government Authority**

93. The allegations in this paragraph are subject to the admissions and denials noted above.

94. Defendant Morath admits that he is the Commissioner of Texas Education Agency and is bound by state law.

95. The allegations in this paragraph are an incomplete recitation and application of law. Therefore, Defendant Morath denies.

96. The allegations in this paragraph are an incomplete recitation and application of law. Therefore, Defendant Morath denies.

97. The allegations in this paragraph are an incomplete recitation and application of law. Therefore, Defendant Morath denies.

98. The allegations in this paragraph are an incomplete recitation and application of law. Therefore, Defendant Morath denies.

## VII.   IRREPARABLE HARM

99. Defendant Morath denies the allegations in this paragraph.

100. Defendant Morath denies the allegations in this paragraph.

## VIII.   PRAYER FOR RELIEF

### DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant Morath asserts the following affirmative and other defenses to the claims raised in Plaintiffs' Original Complaint:

1. Defendant Morath asserts both immunity from suit and from liability under the doctrine of Sovereign Immunity.

2. Defendant Morath asserts that Plaintiffs lack standing.

3. Defendant Morath asserts that Plaintiffs have failed to state a cognizable claim.

4. Defendant Morath asserts that Plaintiffs' claims are unripe.

5. Defendant Morath asserts that the devising and implementation of school-library policy is government speech.

6. Defendant Morath asserts that obscenity receives no First Amendment protection.

7. Defendant Morath asserts that Plaintiffs' speech is not compelled.

8. Defendant Morath asserts that the "speech" in question is commercial speech.

9. Defendant Morath asserts that the "speech" in question concerns an "essential operation of government."

12 | P a g e

10. Defendant Morath asserts that READER is not unconstitutionally vague or overbroad, does not constitute an unconstitutional prior restraint, is not facially invalid, and is not an unconstitutional delegation.

11. Defendant Morath asserts that Plaintiffs have no vested property interest in continued or future sales to publicly funded schools.

12. Defendant Morath asserts that the State is free to selectively expend public funds consistent with public interest, without discriminating on the basis of viewpoint.

13. Defendant Morath asserts that Plaintiffs have failed to mitigate their damages, if any.

14. Defendant Morath reserves the right to amend these defenses or raise additional defenses as they become known during the development of this case.

## CONCLUSION & PRAYER

Defendant Morath prays that Plaintiffs take nothing by their suit, and that all costs be taxed and adjudged against the Plaintiffs, and that Defendant Morath be granted such other and further relief to which he may be justly entitled.

Respectfully submitted.

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN WALTERS**

Chief, Special Litigation Division

*/s/ Amy Pletscher*
**AMY PLETSCHER**
Assistant Attorney General
Texas State Bar No. 24113663
amy.pletscher@oag.texas.gov

**ZACHARY BERG**
Special Counsel
Texas State Bar No. 24107706
zachary.berg@oag.texas.gov

**MUNERA AL-FUHAID**
Special Counsel
Texas State Bar No. 24094501
munera.al-fuhaid@oag.texas.gov

Office of the Attorney General
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-0927
Facsimile: (512) 320-0667


**ATTORNEYS FOR DEFENDANT
MIKE MORATH**

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2024, a true and correct copy of the foregoing document was served on all counsels of record.

*/s/ Amy Pletscher*
**AMY PLETSCHER**
Assistant Attorney General