UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Book People, Inc., VBK, Inc., American Booksellers Association, Association of American Publishers, Authors Guild, Inc., Comic Book Legal Defense Fund,<br>    *Plaintiffs*,<br><br>v.<br><br>Martha Wong, Keven Ellis, Mike Morath,<br>    *Defendants*. | Civil No.<br>AU: 23-CV-00858-ADA |

**PLAINTIFFS' FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

Plaintiffs Book People, Inc. ("BookPeople"), VBK, Inc. d/b/a Blue Willow Bookshop ("Blue Willow Bookshop"), American Booksellers Association ("ABA"), Association of American Publishers ("AAP"), Authors Guild, Inc. ("Guild"), and Comic Book Legal Defense Fund ("CBLDF") (collectively, "Plaintiffs"), file this their Federal Rule of Civil Procedure 26 Report in conformance with Local Rule CV-16[1].

1. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

   Plaintiffs' Position: Plaintiffs, a coalition of booksellers and trade associations and organizations representing booksellers, publishers and authors, bring an action under 42 U.S.C. § 1983 against Defendant Morath and contend that H.B. 900 violates their free speech and due process rights under the First and Fourteenth Amendments to the U.S. Constitution in the following ways: H.B. 900 (1) compels speech; (2) is void for vagueness; (3) is a prior restraint; (4) is facially unconstitutional; (5) is overbroad; and (6) delegates government authority.

   In the Complaint (Dkt. 1), Plaintiffs seek to enjoin the enforcement of H.B. 900, a law enacted in May 2023 that compels private booksellers, such as Plaintiffs, to review and rate

---

[1] The State has not responded to repeated requests to hold a Rule 26 conference. As a result, Plaintiffs have been unable to substantively respond to Nos. 4-5, 10-14. The remainder of the report incorporates responses from both parties exchanged in June, 2024. The representations of "Defendant's Position" in response to Nos. 1 and 8 are taken from the draft Rule 26 Report submitted to Plaintiffs by the State on June 11, 2024. Plaintiffs have received no further updates to the draft from the State since that time.

the content of innumerable school library books according to vague government-created criteria with which Plaintiffs disagree. Plaintiffs will suffer irreparable economic, constitutional, and reputational harm caused by Morath if H.B. 900 is not enjoined.

The elements of a compelled speech claim under § 1983 are the compulsion of a private actor by the government to express the government's preferred message when the private actor disagrees with the content of the message or prefers to stay silent. The elements of a vagueness claim under § 1983 are a statute that is so unclear that an ordinary person would not understand what is prohibited by the statute and that fails to provide adequate notice of what conduct the statute covers. The elements of a prior restraint claim under § 1983 are government action that prohibits speech before it is disseminated without a sufficient opportunity for judicial review of the government's final determination. The elements of a facial First Amendment challenge under § 1983 involves a content-based regulation that is not the least restrictive means of achieving a compelling government interest and is not narrowly tailored to a compelling government interest. The elements of an overbreadth claim under § 1983 are a statute that punishes a substantial amount of protected speech and chills speakers from engaging in expressive activity. The elements of an improper delegation of government authority claim under § 1983 are the delegation of government authority to regulate speech to a private entity or individual.

Plaintiffs further contend that H.B. 900 regulates speech fully protected under the First and Fourteenth Amendments to the U.S. Constitution and that strict scrutiny applies. Thus, the doctrines of government speech, commercial speech, speech concerning an "essential operation of government," and forum analysis do not apply.

<u>Defendant's Position</u>: In response to Plaintiffs' claims, Defendant Morath asserts (but is not limited to) that:
- Plaintiffs have no pre-existing or ongoing right or vested interest in continued sales to Texas public schools;
- The "speech" in question is government speech;
- Texas government—including its public educational institutions—have the discretion to promote policies and values of its choosing;
- The materials Plaintiffs seek to sell contain obscenity;
- Plaintiffs' speech is not compelled;
- The "speech" in question is commercial speech which withstands intermediate scrutiny;
- The "speech" concerns an "essential operation of government";
- READER is not unconstitutionally vague or overbroad;
- READER is not an unconstitutional delegation;
- It is within the State's constitutional power to place limitations on "sexual" material available to minors;
- The State is acting as a consumer, not a regulator, and therefore is entitled to a description of the product Plaintiffs seek to sell.

2. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

   There are no outstanding jurisdictional issues at this time.

   a. **Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

      N/A.

   b. **If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

   There are no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

   The parties have not discussed narrowing the disputed facts or elements before the Court.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

   The parties have not discussed narrowing the legal issues before the Court.

6. **Are there any issues about preservation of discoverable information?**

   The parties do not anticipate any issues with preservation of discoverable information.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

   The parties have not identified any issues concerning disclosure or discovery of electronically-stored information at this stage of the proceedings and will discuss production form of electronically-stored information.

**8.    What are the subjects on which discovery may be needed?**

<u>Plaintiff's Position</u>: Plaintiffs anticipate needing discovery on (but not limited to) the following:

- The TEA's interpretation of H.B. 900;
- The implementation of H.B. 900;
- The applicability of H.B. 900;
- The definitions contained in HB 900;
- The identification of curricular and non-curricular materials;
- The collection of book ratings;
- TEA's review of book ratings;
- TEA's website for book ratings;
- The correction process for book ratings;
- The recall process;
- The enforcement of H.B. 900;
- The purported government interests of H.B. 900;
- Contracts between booksellers and the State, its ISD's, and/or Texas schools;
- The creation and implementation of library standards
- Depositions of officials involved in the foregoing.

<u>Defendant's Position</u>: Defendant Morath anticipates needing discovery on (but not limited to) the following:

- Plaintiffs' financial records;
- Substantive content on the products Plaintiffs seek to sell;
- Documentation concerning any pre-existing right, arrangement, or assurance to continued sales with Texas public schools;
- General information concerning Plaintiffs' sales practices;
- Depositions of various individuals, unknown at this time.

**9.    Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties agree that initial disclosures are to be made no later than August 2, 2024.

**10.   What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

Discovery has not yet commenced in this matter. The parties have not agreed on a Scheduling Order, in part, because they cannot agree to the scope of discovery. Plaintiffs have attempted to discuss agreeing to limit discovery, and the Defendant will not discuss.

11. **What, if any, discovery disputes exist?**

    The parties have not been able to agree on the scope of discovery.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

    The parties have not discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502 at this stage of the proceedings.

13. **Have the parties discussed early mediation?**

    The parties have not discussed mediation at this stage of the proceedings.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

    The parties may require a protective order for the production of confidential information protected by law or confidential proprietary information. Should such an order become appropriate, the parties anticipate submitting a mutually agreeable proposed protective order to govern such production.

*/s/ Laura Lee Prather*_____        __07/31/2024_____
Counsel for Plaintiff(s)              Date