IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BOOK PEOPLE, INC., VBK, INC. d/b/a BLUE WILLOW BOOKSHOP, AMERICAN BOOKSELLERS ASSOCIATION, ASSOCIATION OF AMERICAN PUBLISHERS, AUTHORS GUILD, INC., COMIC BOOK LEGAL DEFENSE FUND, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CASE NO. 1:23-CV-00858-ADA |
| MARTHA WONG in her official capacity as chair of the Texas State Library and Archives Commission, KEVEN ELLIS in his official capacity as chair of the Texas Board of Education, MIKE MORATH in his official capacity as Commissioner of Education, | § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S OPPOSED MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Plaintiffs file this Response in Opposition to Defendant's Opposed Motion to Stay Proceeding Pending Appeal. FRCP 54 and 58 provide for fee motions to be resolved immediately after final judgment so fee issues can be consolidated on appeal and while the record is fresh.[1] Citing authority from inapposite stay doctrines, Defendant ignores the heavy burden imposed on the movant seeking the extraordinary relief of a stay. The weight of authority requires courts to consider attorneys' fees promptly after the merits decision. There is no reason to deviate from this course, and there is an abundance of compelling reasons not to do so.

---

[1] Especially in light of the request for conditional appellate fees, a stay would only increase the likelihood of a *third* appeal – an act that would result in the exact *opposite* of judicial efficiency.

I. **INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiffs oppose Defendant's extraordinary request to stay this case and a decision on attorneys' fees and costs pending appeal because it would be inefficient, waste judicial resources, and indefinitely postpone Plaintiffs' right to relief. Under Federal Rules of Civil Procedure ("FRCP") 54 and 58, courts resolve fee motions immediately after final judgment so fee issues can be consolidated on appeal and decided while the record is fresh. Defendant fails to provide compelling reasons to deviate from the "usual course" of promptly resolving fee motions and offers only speculation that he could possibly prevail on a portion of his appeal -- despite a prior affirmance by the Fifth Circuit of the preliminary injunction in this matter. This conjecture is insufficient to warrant an indefinite delay of Plaintiffs' entitlement to timely relief and risks multiplying proceedings. The Court should thus deny the motion and decide Plaintiffs' Fee Motion expeditiously.

II. **ARGUMENT**

A stay pending appeal is "extraordinary relief," and the moving party bears a "heavy burden" to show circumstances that justify it. *See Nken v. Holder*, 556 U.S. 418, 433 ("The party requesting a stay bears the burden of showing that the circumstances justify [it]."); *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) ("A stay pending appeal is 'extraordinary relief.'"). Because Defendant has not met (or even mentioned) this heavy burden, the motion should be denied.

**A.    FRCP 54 and 58 favor prompt fee adjudication to consolidate appeals and conserve resources.**

Fee motions must be filed within 14 days of judgment so that fee disputes can be reviewed alongside the merits, not after an appeal. FRCP 54(d)(2)(B). Indeed, it is "more efficient to decide fee questions *before* an appeal is taken so that appeals relating to the fee award can be heard *at the*

*same time as* appeals relating to the merits of the case." FRCP 58, Notes of Advisory Committee on Rules—1993 Amendment (emphasis added).[2] Thus, fee motions should be decided "immediately" while proceedings are "freshly in mind." FRCP 54, Notes of Advisory Committee on Rules—1993 Amendment. Consistent with this framework, courts generally decide fees promptly and do not postpone fee rulings merely because an appeal is pending. Indeed, the "weight of authority is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay a motion for attorneys' fees until resolution of the appeal." *See, e.g., Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 19-CV-243, 2022 WL 1447946, at *2 (N.D. Tex. Feb. 9, 2022).[3]

The authorities cited by Defendant address unrelated stay doctrines[4] and do not displace FRCP 54 and 58's guidance—and troves of cases finding—that fees should be decided *before* an appeal. *See id*.

**B.  Prompt resolution will avoid duplicative briefing and preserve judicial and party resources.**

One appeal was already taken in which the Fifth Circuit affirmed the grant of a preliminary

---

[2] Advisory Committee Notes are "instructive" in determining a rule's intent. *Moody Nat. Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 253 (5th Cir. 2004).

[3] *See also, e.g., Raniere v. Microsoft Corp.*, No. 15-CV-0540, 2016 WL 4626584, at *2 (N.D. Tex. Sept. 2, 2016), *aff'd*, 887 F.3d 1298 (Fed. Cir. 2018) (the "usual course" is for courts to consider attorneys' fees before the resolution of any appeal); *McCloud v. City of Sunbury*, No. 04-CV-2322, 2006 WL 449198, at *1 (M.D. Pa. Feb. 23, 2006) (the court could "not recall any instance" in which it had stayed a motion for attorneys' fees and costs pending the outcome of an appeal).

[4] *See, e.g., Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023) (regarding a stay under the *Colorado River* doctrine); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (regarding a stay of discovery); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (regarding a stay pending arbitration); *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976) (regarding a stay until the plaintiffs filed a complaint with the EEOC); *Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 579 (2017) (regarding a stay of a preliminary injunction); *Barnes v. E-Systems, Inc. Group Hospital Medical & Surgical Ins. Plan*, 501 U. S. 1301, 1305 (1991) (regarding a stay of a Fifth Circuit judgment); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (regarding a stay of bankruptcy proceedings).

injunction. A second appeal of this Court's order granting summary judgment and a permanent injunction has now been noticed. Deciding fees now allows any appeal of fees to be consolidated with the merits, avoiding a third, separate trip to the Fifth Circuit and redundant briefing here and there.[5] *See Nigh v. Koons Buick Pontiac GMC, Inc.*, No. 00-1634, 2001 WL 35963874, at *3 (E.D. Va. May 31, 2001) (the court "should rule on the parties' motions so that the issue of fees and costs may be submitted on appeal, if the parties so desire"); *Klein v. Cent. States, Se. & Sw. Areas Health & Welfare Plan*, 621 F. Supp. 2d 537, 540 (N.D. Ohio 2009) ("[E]fficiency favors ruling on the motion for fees and costs now.").

This case has already been litigated for 28 months. Fees should be decided now, *not* months or years later after a second appeal (of issues already decided once by the Fifth Circuit) has been exhausted. *See Devcon Int'l Corp. v. Reliance Ins. Co.*, No. 2001–201, 2008 WL 219968, at *1 (D.V.I. Jan. 2, 2008) (denying motion to stay given the "rather long pendency" of the case). The median time from notice of appeal to opinion in the Fifth Circuit is approximately eight months.[6] There would likely be an unknown number of years of further delay if Defendant seeks rehearing, en banc review, and/or certiorari.[7] *See Rothman v. Target Corp.*, No. CIV. 05-4829, 2008 WL 4559698, at *3 (D.N.J. Oct. 8, 2008), *vacated on other grounds*, 556 F.3d 1310 (Fed. Cir. 2009) (denying motion to stay because the date on which the appellate court would issue an opinion was unknown). Such an indefinite stay would force the Court and parties to revisit a stale record later, contrary to FRCP 54 and 58's directives to decide fees while the services are "freshly in mind."

---

[5] Defendant agrees that the parties would be "harmed" by "having to brief" the issue of attorneys' fees multiple times. Dkt. 114 at 5.

[6] *See [Practitioners Guide to the United States Court of Appeals for the Fifth Circuit](#)*, May 2025.

[7] Although Defendant currently claims to seek a stay "until the resolution of the pending appeal before the United States Court of Appeals for the Fifth Circuit on the merits" (Dkt. 114 at 1), there is little doubt that Defendant would seek a further stay if he pursued rehearing, en banc review, or certiorari.

*Raniere*, 2016 WL 4626584, at *2 (it is "most efficient" to decide attorneys' fees while the facts are fresh in the minds of the Court and parties); *Slip N' Slide Records, Inc. v. TVT Records, LLC*, No. 05–21113, 2007 WL 1098751, at *3 (S.D. Fla. Apr. 8, 2007) (an "indefinite stay of the motion for fees is not tenable").

C.   **Defendant's speculative arguments do not justify a stay.**

Defendant fails to offer non-speculative, compelling reasons to stay this case and deviate from the "usual course" of deciding fees before an appeal. *See Lugus IP, LLC v. Volvo Car Corp.*, No. 12–2906, 2015 WL 1399175, at *3 (D.N.J. Mar. 26, 2015) (denying motion to stay because the party offered no "compelling reason" to depart from the "usual course" of awarding attorneys' fees pending appeal).[8] Defendant's arguments are all rooted, in some way, in the hopes that he will prevail in the Fifth Circuit.[9] Defendant's wishful thinking is "simply too speculative" to outweigh the benefits of a timely adjudication of fees and costs. *Maytag Corp. v. Electrolux Home Products, Inc.*, No. C 04-4067, 2006 WL 8456956, at *2 (N.D. Iowa Dec. 11, 2006) (denying stay based on "speculative" argument that the underlying judgment may be reversed); *Tribble*, 2012 WL 2905614, at *2 (denying stay based on "highly speculative" assertions that the party may prevail on appeal).[10] The posture of this case as being a second appeal of an injunction that was already

---

[8] *See Tribble v. Evangelides*, No. 08C02533, 2012 WL 2905614, at *2 (N.D. Ill. July 16, 2012) ("Absent a compelling reason, this Court is not inclined to stay the award of costs to the Plaintiff.").
[9] *See* Dkt. 114 at 1 ("The scope or necessity for briefing on costs and fees would be altered *if* Defendant prevails, partially or fully, on appeal.") (emphasis added); Dkt. 114 at 5 (the issues in the Fee Motion "*may* be greatly affected – *if* not undone entirely – on appeal") (emphasis added); (emphasis added); Dkt. 114 at 4 ("Plaintiffs will not be harmed by a stay and are not at risk of being deprived of any attorneys' fees *in the event* they are the prevailing party on appeal.") (emphasis added).
[10] *See also In re Unisys Corp. Retiree Med. Benefits Erisa Litig.*, No. 03–3924, 2007 WL 4287393, at *2 (E.D. Pa. Dec. 4, 2007) ("[A] number of courts have found that a pending appeal, standing alone, is insufficient reason to postpone a fee decision for an indefinite period."); *Klein*, 621 F. Supp. 2d at 540 ("[A]n appeal alone does not justify postponing a decision on a request for attorneys' fees.").

affirmed reduces the probability of such speculation as well.

Defendant's argument that "prevailing party" status will not be clear until appeal is a red herring. Dkt. 114 at 3-4. A pending appeal has no bearing on who is the prevailing party and entitled to fees. Plaintiffs are prevailing parties and entitled to attorneys' fees immediately because, as explained in the Fee Motion, they obtained a final judgment declaring HB 900 unconstitutional and permanently enjoining Defendant, which "materially alter[ed] the legal relationship between the parties." *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012).[11]

Nor does the State's ability to pay later favor a stay. Dkt. 114 at 4-5. The public interest lies in efficient, consolidated adjudication and avoiding duplicative proceedings, not in withholding timely resolution where delay will increase costs and invite additional appeals.

### III.    CONCLUSION

Defendant has not met his heavy burden to justify the extraordinary relief of a stay. Although Defendant is litigating with taxpayer dollars, the nonprofits and small business owners who are pursuing this matter are not. A stay of the proceedings would significantly harm them, and the interests of justice would not be served. The FRCP, advisory notes, and case law favor prompt resolution of attorneys' fees following final judgment. Defendant has not demonstrated a compelling reason to depart from that usual course. To conserve resources, consolidate appellate issues, and minimize duplication, the Court should deny the motion to stay and decide the Fee Motion expeditiously.

---

[11] Even if Defendant prevails, Defendant will not be entitled to attorneys' fees because, based on the record and Plaintiffs' repeated success to date, it is apparent that Plaintiffs' § 1983 claim was not "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (defendants cannot recover fees under § 1988 without demonstrating that the underlying action was "frivolous, unreasonable or without foundation") (internal quotations added). Thus, in that unlikely event, Fifth Circuit would simply vacate any order on fees entered.

Respectfully submitted,

*/s/ Laura Lee Prather*
Laura Lee Prather
Texas Bar No. 16234200
laura.prather@haynesboone.com
Catherine L. Robb
Texas Bar No. 24007924
catherine.robb@haynesboone.com
Michael J. Lambert
Texas Bar No. 24128020
michael.lambert@haynesboone.com
Reid Pillifant
Texas Bar No. 24126157
reid.pillifant@haynesboone.com

**HAYNES BOONE, LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on November 18, 2025, a true and correct copy of the above document was served via the CM/ECF system to all counsel of record.

*/s/ Laura Lee Prather*
Laura Lee Prather