## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| BOOK PEOPLE, INC., VBK INC., AMERICAN BOOKSELLERS ASSOCIATION, ASSOCIATION OF AMERICAN PUBLISHERS AUTHORS GUILD INC., COMIC BOOK LEGAL DEFENSE FUND | |
| *Plaintiffs,* | |
| v. | CIVIL ACTION NO. 1:23-CV-00858-ADA |
| MARTHA WONG IN HER OFFICIAL CAPACITY AS CHAIR OF THE TEXAS STATE LIBRARY AND ARCHIVES COMMISSION, KEVEN ELLIS, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE TEXAS BOARD OF EDUCATION, MIKE MORATH IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF EDUCATION | |
| *Defendants.* | |

### DEFENDANT MORATH'S RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY FEES

**INTRODUCTION**

Defendant Mike Morath, in his official capacity as commissioner of the Texas Education Agency, files this Response to Plaintiffs' Motion for Attorney's Fees (ECF No. 113). Defendant's review of the Motion identified several infirmities in Plaintiffs' billing and indicates that the proper amount of attorney's fees is lower than that requested by Plaintiffs.

Plaintiffs apply a near-uniform billing rate for the employees that worked on the matter, treating partners the same as paralegals. Defendant believes that the rates requested for work by associate attorneys and paralegal are in excess of rates in the Austin area.

Much of the billing was not able to be reviewed because of extensive redactions. Several hundred hours of billing have their descriptions fully redacted. Almost two hundred hours are partially redacted, often in a way that makes it difficult to determine the reasonableness of the billing. While Plaintiffs may properly redact confidential client information, the redactions are somewhat heavy-handed and do not always carry Plaintiffs' burden to demonstrate reasonableness.

Finally, Plaintiffs' billing shows duplication and redundancy of work. While it is entirely appropriate that multiple people would be working on this case, the billing records strongly suggest that multiple attorneys were performing the same work, or that senior attorneys were wholesale revising the work of junior attorneys without discounting the original work. Defendant is not required to compensate Plaintiffs for duplicate work and Plaintiffs would have discounted this work in the normal course if Defendant had been billed as a client to Plaintiffs' firm. Plaintiffs' attempt to account for this by offering a $10,000 discount on a $1.1 million request. Defendant offers that a 15% reduction would be more appropriate due to the extensiveness of the duplication.

**BACKGROUND**

On October 21, 2025, the Court entered an order and final judgment Granting in Part

Plaintiffs' Motion for Summary Judgment as to §§ 35.001, 35.002, and 35.003 of the Act, and denying in part as to § 33.021(d)(2)(A)(ii).

On November 4, 2025, Plaintiffs filed a Motion for Attorney's Fees requesting attorney's fees and costs incurred in prevailing on the 42 U.S.C. § 1983 claim brought against Defendant Morath, attorney's fees incurred in securing an award of attorney's fees, and conditional appellate attorney's fees. ECF No. 113.

STANDARD

Determination of attorney's fees is a multistep process. The court must first determine the reasonable number of hours spent on the litigation and reasonable rates for the lawyers involved. *E.g., La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court must then multiply the reasonable hours by the reasonable rates to calculate the "base lodestar figure." *Montgomery v. State Farm Lloyds*, No. 23-11126, 2024 WL 2369415, at *1 (5th Cir., May 23, 2024) (not designated for pub.). Although "[t]here exists a strong presumption of the reasonableness of the lodestar amount," the court "may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson*." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.3d 714 (5th Cir. 1974) abrogated on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability

3

of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 800 n.18 (citing *Johnson*, 488 F.2d at 717–19).

There is a "strong presumption" that the lodestar figure, without adjustment, is the reasonable fee award. *Kenny v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). The party seeking reimbursement of fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

In determining the appropriate hourly rate for attorneys and paralegals, it is appropriate to look at the rates charged in the area the service is being performed, as well as the State Bar of Texas Hourly Fact Sheet, adjusted for inflation. *Wilmington Sav. Fund Soc'y, FSB v. King-Johnson*, No. 3:23-cv-237-BN, at *3 (N.D. Tex. April 9, 2025); *see also Fairmont Specialty Ins. Co. v. Apodaca,* 234 F. Supp. 3d 843 (S.D. Tex. 2017).

ARGUMENT

## I.    Plaintiffs' requested fees are not reasonable.

### A.    Plaintiffs ask for too high of an hourly rate for associate attorneys and paralegals.

In the present case, Plaintiffs have presented multiple categories of professionals, all (expect one paralegal) requesting an hourly rate of $525.00, regardless of experience or job category:

| Timekeeper | Requested Fee |
|---|---|
| **Laura Lee Prather** <br> Partner (30+ years' experience) | $520.00/hr |
| **Catherine Robb** <br> Counsel (25 years' experience) | $520.00/hr |
| **Natasha Breaux** <br> Partner (12 years' experience) | $520.00/hr |
| **Jason Jordan** <br> Partner  (13 years' experience) | $520.00/hr |

4

| | |
|---|---|
| **Michael Lambert**<br>Associate (10 years' experience) | $520.00/hr |
| **Reid Pillifant**<br>Associate (4 years' experience) | $520.00/hr |
| **Alecia Tipton**<br>Appellate Paralegal | $520.00/hr |
| **Rachel Bartenfeld**<br>Appellate Paralegal | $520.00/hr |
| **Carey Wallick**<br>Paralegal | $420.00/hr |

There are major problems with Plaintiffs' approach. The average fees being charged by all of the attorneys in the firm is above the average for the Austin area as shown by the Texas Bar, the rates being paid by the state of Texas for outside attorneys, and sources showing such fees as cited below. While Ms. Prather and Ms. Robb, based on their years of experience, may well be entitled to charge such fees, the attorneys with far less experience, including the associates listed above, should not receive the same hourly rate. This is doubly true of the paralegals, who—also billing at $520 per hour—are well above a reasonable paralegal fee for the Austin area. The calculations for the average fees in the Austin area are shown below.

Beyond this, Plaintiffs attempt to use *Johnson* factors to justify both the amount of time spent on the case <u>and</u> higher fees. This is inappropriate. The burden of proving that an enhancement to a lodestar fee rate is necessary must be borne by the fee applicant. *Burlington v. Dague*, 505 U.S. 557, 562 (1992). The time and labor required, complexity of the issues involved, and the time limitations imposed by circumstances, for example, are taken into account in the initial lodestar number. *See generally Hensley v. Eckerhart*, 461 U.S. 424, 433, 434 (1983); *Ceats, Inc. v. Ticketnetwork, Inc.*, No. 24-40230, *11 (5th Cir. 2025). Using such factors to increase the reasonable time billed and increasing the lodestar rate would count such factors twice, which is not

allowed. *Ceats*, No. 24-40230 at *11; *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 321 (5th Cir. 1993) (holding "complex and highly technical" nature of case does not "render a case 'rare' or 'exceptional' for purposes of enhancing the lodestar amount.").

### B. Plaintiffs should be awarded lower hourly rates, based upon the position and experience of the employee.

The last Texas State Bar Income and Hourly Rates to include hourly rate attorneys' fees for the Austin area is from 2019, and is attached hereto as Exhibit A. The median hourly rate for Austin was $299 per hour. Adjusted for inflation, this number would increase by 26.72% to $378.90.[1] As shown above, using the State Bar numbers from its own surveys, with adjustments to inflation, is an appropriate measure for determining a reasonable fee. *E.g.*, *King-Johnson*, No. 3:23-cv-237-BN, at, *3; *Salinas v. Saul*, No. EP-21-CV-00031-DCG-ATB, at *8 (W.D. Tex. June 23, 2023) (using 2015 rate sheet and adjusting for inflation to find $325 proper for attorneys with over 25 years of experience).

Likewise, the 2025 rates paid by the Texas Attorney General's office for outside counsel is generally consistent with the Bar guidelines:

> Unless expressly approved by the OAG's Executive Leadership in advance, hourly rates for attorneys shall not exceed $525/hour, and hourly rates for non- attorney legal work (limited to paralegals, legal secretaries and legal assistants) shall not exceed $225/hour.

> Office of Attorney General, Outside Counsel Contract Rules, Exhibit B.[2]

---

[1] Using cumulative CPI from Bureau of Labor Statistics, https://www.bls.gov/data/#prices.

[2] Plaintiffs make reference to higher fees allowed by the Texas AG's office in a Meta lawsuit (Motion, p. 7 and n.3); however, as the cited article states, the total settlement in that case was $1.4 billion. $97 million in attorneys' fees represented less than 7% of the recovery., which was also paid out in a quasi-contingency arrangement where the firm accepted some of the risk.

These rates would contemplate a maximum fee of $525 per hour for very experienced attorneys, such as Ms. Prather and Ms. Robb, but a lower amount per hour for less experienced attorneys working on the case, along with a maximum of $225 per hour for paralegal assistance, at most.

The mean hourly rate for attorneys practicing in the Austin area is approximately $380 per hour. As recently as 2023, rates of $325 per hour were found reasonable for even attorneys with over 25 years of experience., with $105 per hour being appropriate for paralegal work. *Salinas*, No. EP-21-CV-00031-DCG-ATB, at *8. While the experience of the partner attorneys and Ms. Robb may merit the maximum hourly rate of $525, the same does not apply to the other attorneys in the case—who range between 4 to 13 years of experience. Defendants suggest that a lower rate of $400 per hour would more appropriately compensate the associate attorneys based upon their years of experience and positions within the firm. Likewise, the $420 rate, let alone the $520 rate, is not appropriate for paralegal fees, even if highly experienced. Defendants propose that the state's maximum figure of $225 per hour should be applied.

## II.    Plaintiffs' substantial redaction of descriptions of billed hours renders a substantial proportion of their billed hours inadequately justified.

As stated above, the party seeking reimbursement of fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). While Defendant commends Plaintiffs' counsel for providing invoices which track time spent on the case with high granularity, Defendant must note that the level of redactions in these statements is quite significant, and makes it unclear to both Defendant and the court how this billed time is justified.

Plaintiffs' counsel explains that the provided "billing statements are redacted to protected

confidential information and preserve the attorney-client privilege and/or attorney work product."
Decl. Laura Lee Prather Supp. Pls.' Mot. Att'y's Fees 5, ECF No. 113-1. As far as Defendant can
tell, no further justification for the redactions made appears in Plaintiffs' filings. Plaintiffs' counsel
base this upon the fact that they are "not required to record in great detail how each minute of
[their] time was expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). However, the very
next sentence of this case continues: "But at least counsel should identify the general subject
matter of his time expenditures." *Id.* And there is a general presumption against confidentiality in
court filings. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (affirming the broad principle
that "the courts of this country recognize a general right to inspect and copy public records and
documents, including judicial records and documents.").

Plaintiffs' excessive redaction leaves much of this subject matter entirely unclear. In their
filed invoices, Plaintiffs' Counsel has partially or fully redacted a total of 676 billing entries. *See*
Exhibit C, Log of Redacted Hours Billed (tabulating the 676 partially or fully redacted billing
entries); *see also* Exhibit A-5, Invoices, ECF No. 113-6 (Plaintiffs' counsel's original billing
statements, reflecting the same). Of Plaintiffs' counsel's 2,317.6 hours billed, the descriptions of
369.4 hours of this time (15.79%) are *completely* redacted, such that it is entirely unclear how this
time was spent. *See* Exhibit D, Redacted Hours by Name (calculating the number of fully redacted
hours). An additional 189.5 hours (8.24%) have at least some degree[3] of redaction. *See id.*
(calculating the number of partially redacted hours). In sum, Plaintiffs fully or partially redacted

---

[3] For simplicity of calculation, Defendant did not attempt to quantify the degree of partial redaction where it occurred, and simply labeled all such instances as partial redactions. Where a block-billed segment of time with redactions included discernible subdivisions of time, defendant simply counted the discernible portions as unredacted, and the indiscernibly redacted portions as fully redacted.

descriptions amounting to 558.9 hours, or 24.03%—nearly one-quarter—of the total hours billed. *See id.* (calculating the total amount of redacted billing entries).

While it is certainly reasonable for Plaintiffs' counsel to redact confidential client information, it is difficult to understand how such a significant volume of redaction can be necessary, particularly given the heavy-handed manner in which the redactions were made. Considering the fully redacted entries, it is unclear how providing the court *no* description *at all* explaining how such time was spent is necessary to protect client information, attorney work product, or other confidential information. Far from just a name, address, or other identifying information being redacted, frequently several lines are blacked out entirely. Consider the following two entries:



| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/14/23 | Laura Prather | | 2.20 |
| 08/14/23 | Catherine Robb | | 3.30 |

Exhibit A-5 at 15, ECF No. 113-6 (showing a fully redacted 10-line billing description for 2.2 billed hours, followed by another fully redacted entry for 3.3 billed hours, for a total of 5.5 hours billed without any discernible justification).

As explained above, such redaction is not limited to a few entries. Sometimes, the majority of entries on a page are fully redacted, with additional partial redactions as well:

Invoice Number: 21623963
Matter Name: Book People HB900
Client/Matter Number: ███████
Billing Attorney: Laura Prather

December 20, 2023
Page 11 of 20

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 11/21/23 | Catherine Robb | ███████████████████████ | 1.60 |
| 11/21/23 | Carey Wallick | Identify references by the State in transcripts of proceedings to ratings published by booksellers and similar topics. | 1.00 |
| 11/21/23 | Carey Wallick | Review cases cited in State's Reply Brief and highlight sections cited by the State. | 3.00 |
| 11/22/23 | Jason Jordan | Finish reviewing the briefing ████████████████ ████ | 3.70 |
| 11/22/23 | Michael Lambert | Conduct legal research for Fifth Circuit oral argument. | 0.50 |
| 11/22/23 | Reid Pillifant | ████████████████████████ | 1.50 |
| 11/22/23 | Reid Pillifant | ██████████████████. | 0.30 |
| 11/22/23 | Reid Pillifant | ████████████████████████ | 1.30 |
| 11/22/23 | Reid Pillifant | ████████████ | 0.20 |
| 11/22/23 | Reid Pillifant | ████████████████████ | 0.50 |
| 11/22/23 | Reid Pillifant | ████████████████████████ | 0.90 |
| 11/22/23 | Laura Prather | Begin review of FIRE/CATO Amicus Brief. | 0.50 |
| 11/22/23 | Laura Prather | ██████████████████████ | 1.80 |
| 11/22/23 | Laura Prather | ████████████████ | 0.30 |
| 11/22/23 | Laura Prather | ██████████████████████ | 0.30 |
| 11/22/23 | Laura Prather | ██████████████ | 1.00 |
| 11/22/23 | Laura Prather | Review and revise outline and review case summaries ████████ ████ | 2.00 |
| 11/22/23 | Catherine Robb | ██████████████████████ | 2.30 |
| 11/22/23 | Catherine Robb | ████████████████████ | 1.30 |
| 11/22/23 | Carey Wallick | Review additional case law cited in Amicus Briefs and parties' briefs for L. Prather in preparation for Oral Argument. | 0.20 |
| 11/22/23 | Carey Wallick | ██████████████████████ | 1.20 |

Exhibit A-5 at 60, ECF No. 113-6 (showing 14 fully redacted entries out of 21 total entries).

Defendant has tabulated these redactions and applied the Plaintiffs' requested rates by employee title as follows, to determine the value of the partially and fully redacted entries:

| Sum of HOURS Redacted by Employee | | | |
|---|---|---|---|
| Employee Name | FULL | PART | Grand Total |
| Alecia Tipton | 2.8 | 0 | 2.8 |
| Carey Wallick | 56.9 | 13.1 | 70.0 |
| Catherine Robb | 38.7 | 42.4 | 81.1 |
| Jason Jordan | 0.6 | 6.4 | 7.0 |
| Laura Prather | 153.5 | 107.8 | 261.3 |
| Michael Lambert | 71.1 | 5.4 | 76.5 |
| Natasha Breaux | 4.6 | 2.6 | 7.2 |
| (Name Redacted) | 0.1 | 0 | 0.1 |
| Reid Pillifant | 41.1 | 11.8 | 52.9 |
| **Grand Total** | **369.4** | **189.5** | **558.9** |
| | | | |
| **Fees @ $420/hr** | $23,898.00 | $5,502.00 | $29,400.00 |
| **Fees @ $520/hr** | $162,500.00 | $91,728.00 | $254,228.00 |
| **Total Redacted Fees** | $186,398.00 | $97,230.00 | $283,628.00 |
| **Redacted % of Total Fees** | 15.79% | 8.24% | 24.03% |

*See also* Exhibit D, Redacted Hours by Name.

Defendant does not suggest that any amount of redaction warrants forfeiture of fees for those entries. Nor does Defendant suggest that this redaction necessarily was conducted with any obfuscatory intent. However, as it is the burden of the Plaintiffs to prove the propriety of the hours they claim, and the degree of redaction makes it impossible for both Defendant and the court to evaluate those expenditures of time, it would be improper to award to Plaintiffs attorney's fees which their counsel has not adequately proven.

Accordingly, Defendant requests that the court discount the fully redacted entries, and reduce the originally requested award by $186,398.00 (the total value of the fully redacted hours at the rates originally requested), until and unless those fully redacted entries are adequately proven to the court as consisting of legal work necessary to the case. Additionally, Defendants request the

court apply a further percentage reduction as the court deems just (up to a recommended maximum of 8.24%) to reflect the difficulty in discerning the propriety of the partially redacted hours.

### III.    Plaintiffs' exercised inadequate billing judgment, which is not remedied by the flat $10,000 discount.

A plaintiff seeking attorneys' fees is charged with the burden of showing the reasonableness of the hours billed, but is also that he or she "exercised billing judgment." *Black v. Settlepou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Saizan*, 448 F.3d at 799)). "Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *E.g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)

In the private sector, "billing judgment" is an important component in fee setting. *Id.*; *see also Riverside v. Rivera*, 477 U.S. 561, 588 (1096). Just because an adversarial party is paying the fees, the requirements for a "reasonable" fee do not vary; hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority. *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (1980) (en banc) (emphasis removed).

In the present case, Plaintiffs have applied a flat $10,000 discount on the sub total presented bill of $1,190,442. This discount is a reduction of less than 1% of the Plaintiffs' original sub total. But the invoices, those not completely redacted, show duplication of efforts, vague entries, and bills totaling an unreasonable amount of time related to legal research for the motions and responses filed in this case, the Act's legislative history, legal research being performed, and preparations for multiple hearings. Further, many of the time entries contain multiple matters that

are not given separate time amounts to determine whether the time spent was reasonable, or not ("block billing").

## A. The Act's Legislative History

The following entries account for time expended upon researching the history of H.B. 900 at the beginning of the case (from Exhibit A-5, ECF No. 113-6):

| PDF | Date | Description | Hours |
|-----|------|-------------|-------|
| p.3 | 7/12/23 | Michael Lambert<br>Conduct factual and legal research on HB 900 and legislative history for statement of facts section of Complaint (1.6); | 1.6 |
| p.3 | 7/13/23 | Michael Lambert<br>Conduct factual and legal research on HB 900 and legislative history for statement of facts section of Complaint | 1.5 |
| p.3 | 7/14/23 | Reid Pillifant<br>Research legislative history and draft background sections of Complaint and Motion for Preliminary Injunction | 3.8 |
| p.3 | 7/15/23 | Michael Lambert<br>[C]onduct factual and legal research on HB 900 for Complaint | 1.1 |
| p.3 | 7/15/23 | Reid Pillifant<br>Research and draft legislative history section | 3.2 |
| p.4 | 7/16/23 | Reid Pillifant<br>Revise draft of legislative history section. 1.20 | 1.2 |

## B. Outlines, PowerPoint, and "Other Materials" for 8/18/23 Hearing

Similar problems are shown in hearing preparation from Plaintiffs.

| PDF | Date | Description | Hours |
|---|---|---|---|
| p.12 | 8/7/23 | Michael Lambert<br>Draft and revise outline for hearing on Motion for Preliminary Injunction | 1.8 |
| p.13 | 8/7/23 | Reid Pillifant<br>Prepare initial draft of PowerPoint for hearing | 4.7 |
| p.13 | 8/7/23 | Michael Lambert<br>Draft and revise outline and other materials for hearing on Motion for Preliminary Injunction. | 3.3 |
| p.13 | 8/8/23 | Reid Pillifant<br>Research case law; revise and update PowerPoint to reflect outline | 6.3 |
| p.13 | 8/9/23 | Michael Lambert<br>Draft and revise outline, PowerPoint, and other materials for hearing on Motion for Preliminary Injunction | 4.2 |
| p.13 | 8/9/23 | Reid Pillifant<br>Create additional slides on prior restraint, facial challenge and overbreadth for PowerPoint | 2.1 |
| p.14 | 8/10/23 | Laura Prather Review and revise draft PowerPoint; review and revise hearing outline; review and select cases to provide to court at Preliminary Injunction hearing; review summary of constitutional challenges of Texas statutes; review summary of other similar constitutional challenges nationwide; review other provisions of Texas Penal Code referenced in HB 900 and constitutional challenges brought concerning same | 4.7 |
| p.14 | 8/11/23 | Michael Lambert<br>Draft and revise outline and other materials for hearing on Motion for Preliminary Injunction | 2.3 |
| p.14 | 8/11/23 | Reid Pillifant<br>Research case law and update outline and PowerPoint for hearing | 1.6 |
| p.15 | 8/15/23 | Michael Lambert<br>Draft and revise outline, PowerPoint, and other materials for hearing on Motion for Preliminary Injunction | 1.6 |

| PDF | Date | Description | Hours |
|---|---|---|---|
| p.16 | 8/16/23 | Michael Lambert<br>Draft and revise Reply in Support of Motion for Preliminary Injunction and other materials for hearing on Motion for Preliminary Injunction. | 4.8 |
| p.16 | 8/16/23 | Reid Pillifant<br>Create new slides for PowerPoint | 4.2 |
| p.16 | 8/16/23 | Laura Prather<br>Prepare for Preliminary Injunction hearing by revising hearing outline, PowerPoint, creating content for Court's hearing notebook and demonstratives. | 13.9 |
| p.16 | 8/17/23 | Michael Lambert<br>Draft and revise Reply in Support of Motion for Preliminary Injunction and other materials for hearing on Motion for Preliminary Injunction | 6.6 |
| p.17 | 8/17/23 | Laura Prather<br>Revise hearing outline and PowerPoint based on Attorney General's Motion to Dismiss and Response | 4.5 |
| p.17 | 8/17/23 | Catherine Robb<br>Continue working on preparation for hearing, including analyzing evidentiary issues, and finalizing Reply | 6.3 |

The above entries do not include preparation and revision of a PowerPoint and materials for a later August 28, 2023, hearing.

### C.  Outlines, PowerPoint, and "Other Materials" for 8/38/23 Hearing

| PDF | Date | Description | Hours |
|---|---|---|---|
| p.17 | 8/18/23 | Reid Pillifant<br>Incorporate new arguments into PowerPoint for August 28 hearing | 1.2 |
| p.21 | 8/20/23 | Laura Prather<br>Outline additional slides to prepare for August 28 Preliminary Injunction hearing | .3 |
| p.21 | 8/21/23 | Reid Pillifant<br>Create standing slides for PowerPoint and update hearing outline | 2.8 |
| p.21 | 8/22/23 | Catherine Robb<br>start reviewing and analyzing revised PowerPoint and Response Brief | 1.1 |
| p.22 | 8/23/23 | Reid Pillifant<br>Update PowerPoint for upcoming hearing | .5 |

| p.22 | 8/23/23 | Laura Prather Revise PowerPoint | .3 |
|------|---------|-------------------------------|-----|
| p.22 | 8/23/23 | Catherine Robb<br>Continue reviewing and propose revisions to Response Brief; follow up with suggestions on PowerPoint and meet and confer obligations; review and revise Motion for Leave to file Response in Excess of Page Limit | 1.5 |
| p.22 | 8/24/23 | Michael Lambert<br>Draft and revise Response in Opposition to Defendants' Motion to Dismiss, Motion to Exceed Page Limit, outline for hearing on Motion to Dismiss, and PowerPoint for hearing on Motion to Dismiss | 5.8 |
| p.22 | 8/24/23 | Reid Pillifant<br>Research and updates to PowerPoint and hearing outline | 3.7 |
| p.22 | 8/24/23 | Laura Prather<br>Hearing preparation regarding PowerPoint, outline, cases and notebook for Court | .5 |
| p.22 | 8/25/23 | Michael Lambert<br>Draft and revise outline and PowerPoint for hearing on Motion to Dismiss | 3.2 |
| p.22 | 8/25/23 | Reid Pillifant<br>Create passage review demonstrative and flow chart for PowerPoint | 1.6 |
| p.22 | 8/25/23 | Reid Pillifant<br>Research and edits to PowerPoint and hearing outline | 5.9 |
| p.23 | 8/26/23 | Laura Prather<br> Continue developing hearing outline, PowerPoint, and materials for Court | 3.0 |
| p.23 | 8/27/23 | Reid Pillifant<br> Research and edits to hearing materials | 1.4 |
| p.23 | 8/27/23 | Laura Prather<br>Continue developing and finalizing hearing outline, PowerPoint, and materials for Court | 10.0 |

The entries show duplicate work and fail to provide sufficient information to determine whether the work was reasonable.

### D. Research and Drafting—Original Complaint and Motion for Preliminary Hearing

As one example of similar problems with Plaintiffs' claimed billing as shown in the prior

sections, the legal research and drafting of the various motions and responses listed in the billing

are unclear and duplicative.

| PDF | Date | Description | Hours |
|---|---|---|---|
| p.3 | 7/12/23 | Michael Lambert<br>conduct legal research on compelled speech and overbreadth doctrine for Complaint | .7 |
| p.3 | 7/14/23 | Michael Lambert Draft and revise Complaint and Challenge to Constitutionality of a State Statute form (1.1); conduct legal research on jurisdictional issues and preliminary injunction standard (.9) | 2.0 |
| p.4 | 7/15/23 | Michael Lambert<br>Draft and revise parties, jurisdiction, and statement of facts sections of Complaint, Civil Cover Sheet and Corporate Disclosure Statement (2.9); conduct factual and legal research on HB 900 for Complaint (1.1). | 4.0 |
| p.4 | 7/15/23 | Reid Pillifant<br>Draft compelled speech section incorporating 303 Creative case | 2.0 |
| p.4 | 7/17/23 | Michael Lambert<br>Review and revise Complaint and draft Preliminary Injunction, standing, and compelled speech sections of Motion for Preliminary Injunction (4.7); conduct legal research on standing and compelled speech for Motion for Preliminary Injunction (1.0). | 5.7 |
| p.4 | 7/17/23 | Reid Pillifant<br>Research and draft vagueness/overbreadth section | 1.2 |
| p.4 | 7/17/23 | Reid Pillifant<br>Edit statement of facts section of Complaint | 1.7 |
| p.4 | 7/17/23 | Reid Pillifant<br>Conduct legal research and draft standing section | 2.4 |
| p.4 | 7/18/23 | Michael Lambert<br>Review and revise Complaint and draft compelled speech, prior restraint, facial challenge, irreparable harm, overbreadth, and vagueness sections of Motion for Preliminary Injunction (5.6); conduct legal research on compelled speech, prior restraint, facial challenge, irreparable harm, overbreadth, and vagueness for Motion for Preliminary Injunction (1.2). | 5.7 |

| p.4 | 7/18/23 | Reid Pillifant<br>Draft sections of Preliminary Injunction brief, including statement of facts | 4.6 |
|---|---|---|---|
| p.4 | 7/18/23 | Laura Prather<br>Review and revise draft Complaint | 2.7 |
| p.4 | 7/18/23 | Michael Lambert<br>Review and revise all sections of Complaint and Motion for Preliminary<br>Injunction (4.6); review and revise Declaration of C. Rejsek (.2) | 4.8 |
| p.4 | 7/19/23 | Reid Pillifant<br>Review Motion for Preliminary Injunction draft and incorporate edits | 1.3 |
| p.5 | 7/19/23 | Laura Prather<br>Review and revise new version of Complaint [redacted] | 1.6 |
| p.5 | 7/19/23 | Catherine Robb<br>Review and propose revisions to Complaint and Motion for Preliminary Injunction | 2.7 |
| p.5 | 7/20/23 | Michael Lambert<br>Review and revise all sections of Motion for Preliminary Injunction (2.9); review and revise Declarations of V. Koehler and D. Grogan (.6) | 3.5 |
| p.5 | 7/20/23 | Reid Pillifant<br>Review and edit updated draft of Motion for Preliminary Injunction | 2.5 |
| p.5 | 7/20/23 | Laura Prather<br>Review and revise new draft of Motion for Preliminary Injunction | 2.2 |
| p.5 | 7/21/23 | Michael Lambert<br>Review and revise Complaint and Motion for Preliminary Injunction(2.6); review and revise Declarations in Support of Complaint and Motion for<br>Preliminary Injunction (.3). | 2.9 |
| p.6 | 7/23/23 | Laura Prather<br>Review and revise new draft of Motion for Preliminary Injunction and Complaint. | 2.4 |
| p.6 | 7/23/23 | Catherine Robb<br> review and propose revisions to Original Complaint and Motion for Preliminary Injunction | 2.8 |

| p.6 | 7/24/23 | Michael Lambert<br>Review and revise Complaint and Motion for Preliminary Injunction before filing (1.8); review and analyze Declarations of M. Rasenberger and J. Trexler (.5). | 2.3 |
|---|---|---|---|
| p.6 | 7/24/23 | Laura Prather<br>Finalize Complaint, Motion for Preliminary Injunction, Declarations in support | 2.0 |
| p.6 | 7/24/23 | Catherine Robb<br>Final review of Declarations, Complaint and Motion for Preliminary Injunction and prepare for filing | 1.9 |
| p.6 | 25/23 | Laura Prather<br>Final review of Complaint, Motion for Preliminary Injunction and supporting documents | 1.5 |
| p.17 | 8/16/23 | Michael Lambert<br>Draft and revise Reply in Support of Motion for Preliminary Injunction and other materials for hearing on Motion for Preliminary Injunction | 4.8 |
| p.17 | 8/16/23 | Michael Lambert<br> Conduct legal research for Reply in Support of Motion for Preliminary Injunction. | 1.8 |

A review of the other research, preparation, and drafting entries within Plaintiffs' invoice will show similar levels of duplicate work, vague entries, and insufficient support for the time claimed. As such, Defendant requests that the court assess a 15% reduction overall to the award of attorney's fees to be granted to Plaintiffs, to account for the various billing judgment discrepancies.

## IV.    Summary of Recalculated Fee Request

In light of the calculations presented by Defendant in Parts I (discussing rates) and II (discussing redactions), Defendant requests a reduction of the Attorney Fees award, from the $1,180,442.00 originally requested, to a sub total of $853,690.00. This lower figure subtracts the hours for which descriptions were *fully* redacted, and then recalculates the fee from the remaining hours by applying the Defendant's requested reduced rates for associates ($400/hr) and paralegals ($225/hr). *See* Exhibit E, Defendant Requested Total Award After Redaction and Rate

Adjustments.

From this sub total, Defendant requests that the court apply a discount at a rate of 15%, for a Requested Total of $725,636.50, based upon the discussion of billing judgment in Part III.

Finally, Defendant requests the court apply a discretionary reduction of up to 8.24%, to account for the *partial* redactions, as explained in Part II.

## CONCLUSION

The Court should award Plaintiffs no more than $725,636.50 in attorney's fees, minus any percentage reductions for partial redactions as the court deems proper.

Date: November 18, 2025                          Respectfully submitted.

**KEN PAXTON**                                   **ZACHARY BERG**
Attorney General                                 Special Counsel
                                                 Tex. State Bar No. 24107706
**BRENT WEBSTER**
First Assistant Attorney General                 **MUNERA AL-FUHAID**
                                                 Special Counsel
**RALPH MOLINA**                                 Tex. State Bar No. 24094501
Deputy First Assistant Attorney General
                                                 **STEVEN B. LOOMIS**
**RYAN D. WALTERS**                              Special Counsel
Deputy Attorney General for Legal Strategy       Texas Bar No. 00793177

**RYAN G. KERCHER**                              OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Chief, Special Litigation Division               Special Litigation Division
                                                 P.O. Box 12548, Capitol Station
                                                 Austin, Texas 78711-2548
                                                 Tel.: (512) 463-2100
                                                 Zachary.Berg@oag.texas.gov
                                                 Munera.Al-fuhaid@oag.texas.gov
                                                 Steven.Loomis@oag.texas.gov

                                                 **COUNSEL FOR DEFENDANT, MIKE MORATH IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF THE TEXAS EDUCATION AGENCY**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically

(via CM/ECF) on November 18, 2025 and that all counsel of record were served by CM/ECF.

/s/ ZACHARY BERG
**Special Counsel**